[No. 83284-6.   En Banc.]
Argued June 30, 2011.      Decided September 15, 2011.

*In the Matter of the Personal Restraint of* TEDDY GLEN
TALLEY, *Petitioner.*

*Eric J. Nielsen* and *Casey Grannis* (of *Nielsen, Broman & Koch PLLC*), for petitioner.

*Robert M. McKenna, Attorney General, Timothy N. Lang, Senior Assistant,* and *Ronda D. Larson, Assistant*; and *Adam N. Kick, Skamania County Prosecuting Attorney,* and *Daniel C. McGill, Deputy,* for respondent.

¶1 J.M. JOHNSON, J. — The primary issue presented in this case is whether former RCW 9.92.151 (2004) or the equal protection clause of the United States Constitution requires a county jail to provide opportunities for an inmate who is yet to be sentenced to earn credit toward early release, also known as "good-time" credit.

¶2 The petitioner, Teddy Glen Talley, argues that the Skamania County Jail and the Department of Corrections (Department) violated former RCW 9.92.151(1) and the Constitution by not providing opportunities for him to earn good-time credit before his criminal conviction. He further contends that these violations entitle him to good-time credit at the statutory maximum rate of 15 percent. Skamania County argues that the statutory issue is not properly before this court and that its program for earning good-time credit is constitutional. The Department argues that it may rely on a county's jail time certification when determining the appropriate amount of good-time credit to apply toward early release.

¶3 We hold that the statutory issue is properly before us. We also hold that former RCW 9.92.151 requires a county jail to provide opportunities for a presentence inmate to earn good-time credit. We do not reach Talley's constitutional issue. Because the Skamania County Jail policy conflicts with former RCW 9.92.151, Talley should receive earned early release credit at the statutory maximum rate of 15 percent.

FACTS AND PROCEDURAL HISTORY

¶4 Though the procedural history is somewhat complex, the underlying facts surrounding Talley's incarceration are not in dispute. On October 27, 2005, Talley committed murder in the second degree. On March 29, 2007, Talley pleaded guilty to this offense. The Skamania County Superior Court imposed a sentence of 123 months of confinement. Following Talley's conviction, the Skamania County Jail transferred Talley to the custody of the Department. As part of the transfer, the Skamania County Jail issued a jail time certification to the Department, crediting Talley with 516 days of presentence credit for time served and 0 days of earned early release credit, also known as "good-time" credit.

¶5 The Skamania County Jail policy did not allow Talley to earn good-time credit. Under the county policy, only eligible inmates who work on the in-custody work crew program, who attend educational or treatment programs, or who perform other work inside the facility can earn good-time credit. Presentence inmates cannot participate in these programs. Skamania County does not award good-time credit outside of these specified programs. Further, the county allows inmates only classified as "medium" or "low" risk to participate in its programs. Talley was not a medium or low risk inmate, and he served his confinement at the county jail before receiving his sentence. For these reasons, he could not participate in the specified programs to earn good-time credit.

¶6 Talley, acting pro se, filed a personal restraint petition (PRP) in this court, which the commissioner transferred to Division Two of the Court of Appeals. Talley's pro se PRP argued that the Skamania County Jail miscalculated his presentence credit in two ways. First, he contended that the failure to provide him with presentence opportunities to earn good-time credit violated the equal

protection clause of the Fourteenth Amendment to the United States Constitution. Second, he argued that because he was confined from October 28, 2005, to March 29, 2007, the jail needed to certify 518 days of time already served rather than the 516 days that appeared in its jail time certification to the Department.

¶7 The Court of Appeals issued an order granting his petition in part and denying it in part. The Court of Appeals rejected Talley's constitutional argument and denied his request for relief on that basis. However, the Court of Appeals determined that Talley correctly calculated his time already served and ordered that, absent evidence to the contrary, the Department should credit him with 518 days for time already served. On remand, the Department credited Talley with 518 days for time served.[1]

¶8 Talley sought discretionary review of the Court of Appeals' order. In response, in two separate rulings, the commissioner requested substantive briefing from the Department and Skamania County regarding the legality of the county jail's failure to provide opportunities to earn good-time credit in light of former RCW 9.92.151(1).[2]

¶9 Both the Department and Skamania County filed responses. Skamania County argued that the statutory issue was not properly before this court. The Department argued that it could lawfully rely on the county's jail time certification.

¶10 We granted review of Talley's motion for discretionary review. *In re Pers. Restraint of Talley*, 170 Wn.2d 1002, 245 P.3d 226 (2010). Subsequently, we granted his motion to appoint counsel. With the assistance of counsel, Talley filed a supplemental brief addressing the issues raised in his PRP.

---

[1] Talley received one day of credit for his confinement in the Clark County Jail and 517 days of credit for his confinement in the Skamania County Jail.

[2] The 2009 amendments to RCW 9.94A.151 do not affect the statutory provisions relevant to this case. *See* LAWS OF 2009, ch. 28, § 3 (amending RCW 9.94A.151).

ANALYSIS

¶11 The statutory issue is properly before us. Former RCW 9.92.151 requires a county jail to provide opportunities for a presentence inmate to earn good-time credit. We do not reach Talley's constitutional issues. In light of the conflict between former RCW 9.92.151 and the Skamania County Jail policy, Talley should receive good-time credit at the statutory maximum rate of 15 percent.

A. "Good-Time" Credit in Washington

■■ ¶12 Before addressing the issues presented in this case it is instructive to consider the nature of good-time credit. Our prior case law distinguishes between "straight-time" and "good-time" credit. "Straight-time" credit refers to credit a prisoner receives for time actually served before receiving his sentence. *See State v. Phelan*, 100 Wn.2d 508, 510, 671 P.2d 1212 (1983). "Good-time" credit refers to credit a prisoner receives for good behavior or good performance while incarcerated. *See id.* "Good-time" credit is the familiar name for what the legislature refers to as " 'earned early release time.' " *In re Pers. Restraint of Williams*, 121 Wn.2d 655, 658, 853 P.2d 444 (1993).

¶13 Washington's current statutory scheme allows both county jails and the Department to award good-time credit. A county jail may award good-time credit for "good behavior and good performance" as determined by the county authorities. RCW 9.92.151(1). For inmates convicted of a serious violent offense or a sex offense that is a class A felony, good-time credit cannot exceed 15 percent of the sentence imposed. *Id.* No inmate can receive good-time credit that exceeds one-third of the imposed sentence. *Id.* Offenders confined for violations of RCW 9.94A.670(5)(a) are not eligible for good-time credit. RCW 9.92.151(2). The legislature placed similar, though not identical, guidelines for earning good-time credit in the Department's facilities. *See* RCW 9.94A.728-.729.

¶14 There are two types of good-time credit available in the Department's system: good-conduct time and earned time. *See* Dep't of Corrections Policy Directive 350.100 (Apr. 29, 2011) (DOC Directive). A prisoner convicted of a "serious violent offense" on or after July 1, 2003 may earn good-time credit up to 10 percent of his or her sentence. DOC Directive 350.100(I)(B). The Skamania County Superior Court convicted Talley of murder in the second degree, which is a serious violent offense. RCW 9.94A.030(44)(a)(iii).

¶15 A prisoner held by the Department earns "good conduct time" for good behavior on a pro rata basis for every 30 days served, as allowed by crime category. DOC Directive 350.100(II)(C). Thus, a prisoner subject to the 10-percent rule may earn "good conduct time" for good behavior at a rate of 3 days per 30 days served. A prisoner held by the Department may also accrue "earned time" for participation in approved programs. DOC Directive 350.100(III)(A). A program participant subject to the 10-percent rule earns credit at a rate of 1.11 days per calendar month. DOC Directive 350.100(III)(A)(1).

¶16 "A prisoner denied or unable to pay bail will spend presentence detention in a county jail and then transfer to a [Department] facility upon sentencing." *In re Pers. Restraint of Fogle*, 128 Wn.2d 56, 60, 904 P.2d 722 (1995). Upon transfer, the Department reduces the prisoner's sentence for both day-for-day (straight-time) credit and good-time credit earned at the county jail before sentencing. *Id.*

¶17 The Skamania County Jail policy contrasts with the Department's system. An inmate at the Skamania County Jail can receive good-time credit only if he participates in a specified work program. To use the nomenclature of the Department, the Skamania County Jail policy only offers "earned time" and not "good conduct time."

¶18 Presentence inmates cannot participate in the county's work programs, nor can inmates who are not classified as "medium" or "low" risk detainees. Skamania County

awards a program participant serving a sentence of 30 days or less 1 day of good-time credit per 7 days served. A program participant serving a sentence of more than 30 days receives 5 days of good-time credit per 30 days served.

## B. Standard of Review

■ ¶19 The standard of review is de novo. The facts of Talley's case are not in dispute. This case involves the proper interpretation of court rules, statutes, and the Constitution. Interpretation of court rules, statutes, and the Constitution are issues of law, subject to de novo review. *See State v. Osman*, 168 Wn.2d 632, 637, 229 P.3d 729 (2010) ("This court reviews the interpretation of court rules de novo."); *State v. Wentz*, 149 Wn.2d 342, 346, 68 P.3d 282 (2003) ("Construction of a statute is a question of law that we review de novo . . . ."); *City of Redmond v. Moore*, 151 Wn.2d 664, 668, 91 P.3d 875 (2004) ("Constitutional challenges are questions of law and are also reviewed de novo.").

## C. The Statutory Issue Is Properly Before This Court

■ ■ ¶20 "[T]he Supreme Court will review only the questions raised in the motion for discretionary review . . . *unless* the Supreme Court orders otherwise upon the granting of the motion . . . ." RAP 13.7(b) (emphasis added); *see also State v. Korum*, 157 Wn.2d 614, 624, 141 P.3d 13 (2006); *Denaxas v. Sandstone Court of Bellevue, LLC*, 148 Wn.2d 654, 671, 63 P.3d 125 (2003).

¶21 The statutory issue in this case is whether former RCW 9.92.151 requires a county jail to provide opportunities for a presentence inmate to earn good-time credit. Talley did not raise this issue in his motion for discretionary review. However, the commissioner ordered briefing from the Department and Skamania County on this issue and authorized Talley to file reply briefs in response. With full knowledge of the commissioner's rulings, we granted Talley's motion for discretionary review. *See Talley*, 170 Wn.2d 1002. When acting in accordance with his del-

egated authority, the commissioner acts with the authority of this court. *See* SAR 15. Further, by granting review, we ratified the commissioner's rulings and effectively ordered review of the statutory issue. With the commissioner's rulings and our subsequent grant of review, the statutory issue is properly before us.

## D. Former RCW 9.92.151 Requires County Jails To Provide Opportunities for Presentence Inmates To Earn "Good-Time" Credit

■ ¶22 Former RCW 9.92.151 establishes the standards for "earned early release credit" for inmates held in county facilities.[3] *See In re Pers. Restraint of Erickson*, 146 Wn. App. 576, 583 n.23, 191 P.3d 917 (2008). "Earned early release" credit is also known as "good time." *Williams*, 121 Wn.2d at 658. The statute provides, "The earned early release time shall be for good behavior and good performance as determined by the correctional agency having jurisdiction." Former RCW 9.92.151(1). "*Any* program established pursuant to this section *shall* allow an offender to earn early-release credits for *presentence* incarceration." *Id.* (emphasis added).

¶23 As applied to Talley, Skamania County's program for earned early release credit does not comply with former RCW 9.92.151(1). Under the county's program, Talley could not earn *any* type of good-time credit. He could not earn credit for good conduct and could not participate in specified programs to accrue earned time. However, the statute requires that "[a]ny program . . . shall allow an offender to earn early release credits for presentence incarceration." *Id.* Because Skamania County's program did not allow Talley to earn good-time credit, it failed to comply with former

---

[3] RCW 9.94A.728-.729 establishes the standards for good-time credit for inmates held in the Department's facilities.

RCW 9.92.151. *See In re Pers. Restraint of King*, 146 Wn.2d 658, 663, 49 P.3d 854 (2002).[4]

¶24 In their briefs, neither Skamania County nor the Department argues that the county's program complied with the statutory requirements. The Department argues that it could justifiably rely on the county's jail time certification. The Department may presumptively rely on a county's jail time certification absent a manifest error of law. *Williams*, 121 Wn.2d at 664. However, while the Department's assertion is correct, it is also irrelevant. Whether the Department could presumptively rely on the county's jail time certification does not resolve whether the county's program complied with former RCW 9.92.151(1).

¶25 Skamania County argues that the statutory issue is not properly before us because Talley did not raise the statutory issue in his motion for discretionary review. For the reasons discussed above, this argument fails. *See supra* pp. 649-50. The statutory issue is properly before this court

---

[4] Our decision in *King* is instructive. *King* held that, for purposes of good-time credit, former RCW 9.94A.150 (1996) (recodified as amended at RCW 9.94A.728) requires the Department to apply presentence time against standard sentence, not enhancement sentence, time. 146 Wn.2d at 664-65.

In 1995, the people of the State of Washington enacted Initiative 159, the "Hard Time for Armed Crime Act" (Hard Time Act). LAWS OF 1995, ch. 129. *King* involved the proper interpretation and implementation of these statutory changes. 146 Wn.2d at 660. In *King*, the petitioner, David King, earned 57 days of good-time credit during his presentence confinement. *Id.* at 661. However, under statutory changes implemented by the Hard Time Act, an offender could not earn good-time credit for the "portion of his or her sentence that result[ed] from any deadly weapon enhancements." *Id.* at 664 (quoting former RCW 9.94A.150(1) (1996)). At the time, the Department's policy required running the offender's enhancement time before running the standard sentence time. *Id.* at 661. Because the Department counted King's presentence confinement as part of his enhancement time, it did not credit him with his 57 days of good-time. *Id.* at 661-62.

We held that the Department's policy conflicted with former RCW 9.94A.150(1). *Id.* at 662. The Department argued that the statute ensured only that inmates otherwise entitled to good-time credit were not deprived of good-time credit. *Id.* at 663. We disagreed, holding that such an interpretation would render portions of the statute meaningless, "specifically the portion that states, '[a]ny program established pursuant to this section shall allow an offender to earn early release credits for presentence incarceration.'" *Id.* (emphasis added) (alteration in original) (quoting former RCW 9.94A.150(1)). We further held that proper implementation of the statute required the Department to apply the presentence time against the standard sentencing time. *Id.* at 664-65.

and, as applied to Talley, the Skamania County program failed to comply with former RCW 9.92.151(1). We hold that former RCW 9.92.151(1) requires a county jail to provide opportunities for a presentence inmate to earn credit toward early release.[5]

¶26 Our holding does not entail that every presentence inmate *must actually* earn good-time credit in a county jail. An offender may forfeit the opportunity to receive good-time credit by the offender's own misbehavior or poor performance. However, former RCW 9.92.151(1) requires that the offender first have this opportunity. Whether to take advantage of this opportunity is up to the offender.

E. Talley's Remedy

■ ¶27 Because resolution of the statutory issue resolves this case, we do not adjudicate Talley's constitutional claim. *See Isla Verde Int'l Holdings, Inc. v. City of Camas*, 146 Wn.2d 740, 752, 49 P.3d 867 (2002). The only remaining issue is the proper remedy for Talley.

¶28 In his brief and at oral argument, Talley contended that he should receive good-time credit at the statutory maximum rate of 15 percent. At oral argument, Skamania County conceded that, if a statutory violation occurred, Talley should receive good-time credit at the statutory maximum rate of 15 percent. We remand Talley's case to the Court of Appeals with instructions to grant Talley good-time credit at the statutory maximum rate of 15 percent.[6]

---

[5] Former RCW 9.92.151(2) (2004) expressly states that an offender serving a term of confinement imposed under former RCW 9.94A.670(4)(a) (2004) is not eligible for earned release credits. Our holding does not impact this express statutory exception. If the legislature chooses to exclude certain offenders from the earned early release credit program it may do so. Because Talley was not convicted of an offense under former RCW 9.94A.670(4)(a), the statutory exception is inapplicable.

[6] Technically, the statutory maximum does not mandate a *specific rate* at which an inmate may earn good-time credit. Rather, the statutory maximum applies to the sentence imposed against the offender credit. *See Williams*, 121 Wn.2d at 659. The statutory maximum simply precludes an offender from earning good-time credit beyond 15 percent of the sentence imposed. Here, however, because

## CONCLUSION

¶29 We hold that the statutory issue is properly before us. We also hold that former RCW 9.92.151 requires a county jail to provide opportunities for an inmate who is yet to be sentenced to earn credit toward early release. We do not reach Talley's constitutional issue. Because a statutory violation occurred, we hold that Talley is entitled to earned early release credit at the statutory maximum rate of 15 percent. We remand Talley's case to the Court of Appeals with instructions to grant Talley good-time credit at the statutory maximum rate of 15 percent for the time he served in the Skamania County Jail before being sentenced.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, CHAMBERS, OWENS, FAIRHURST, STEPHENS, and WIGGINS, JJ., concur.

---

Skamania County failed to provide Talley with *any* opportunity to earn good-time credit, we use the statutory maximum to establish the rate at which he accrued good-time credit. *See In re Pers. Restraint of Mota*, 54 Wn. App. 252, 773 P.2d 129 (1989), *aff'd*, 114 Wn.2d 465, 788 P.2d 538 (1990).