IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35931-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GEORGE DEAN BARTZ, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — George Bartz challenges the trial court's denial of his CrR 7.8 motion, which sought to reduce his offender score and sentence because it included a nonexistent crime. We convert this appeal to a personal restraint petition (PRP) and grant his requested relief.

FACTS

In November 2000, the superior court sentenced Mr. Bartz for first degree assault in this case. The court calculated his offender score as 5 and his sentencing range as 138-184 months. The court then sentenced Mr. Bartz to 184 months' incarceration, the top of the range.

In December 2016, Mr. Bartz filed a motion in a separate case. His motion sought to vacate the judgment and sentence for two statutory rape convictions. In June 2017, the superior court concluded that the crime of statutory rape under former RCW 9A.44.070 (1988) had been repealed before Mr. Bartz had engaged in one of the two charged offenses. The court, therefore, granted Mr. Bartz's motion in part.

In November 2017, Mr. Bartz brought a motion to correct the sentence in the present case and to terminate his community custody. His motion was based on the fact that his offender score had included the now-vacated statutory rape conviction.

The superior court determined that, although the earlier conviction for first degree statutory rape was not valid, the incorrect offender score in the present case amounted to a legal error, not one where the court had acted outside of its authority. For this reason, the court determined that the judgment and sentence was valid on its face and the one-year time bar of RCW 10.73.090 applied. Accordingly, the court dismissed the untimely motion. Mr. Bartz timely appealed to this court.

## ANALYSIS

Whether the time bar under RCW 10.73.090 applies to Mr. Bartz's motion is a question of law reviewed de novo. *In re Pers. Restraint of Talley*, 172 Wn.2d 642, 649, 260 P.3d 868 (2011).

A.    THE SUPERIOR COURT LACKED AUTHORITY TO DISMISS MR. BARTZ'S MOTION

The State correctly acknowledges that the superior court lacked authority to deny

Mr. Bartz's CrR 7.8 motion.

CrR 7.8(c)(2) states that the superior court

> shall transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

"[T]he superior court does not have authority to dismiss a CrR 7.8 motion if it is

untimely under RCW 10.73.090. Instead, the superior court must transfer the motion to

this court for consideration as a personal restraint petition." *State v. Smith*, 144 Wn. App.

860, 863, 184 P.3d 666 (2008).

B.    CONVERSION OF APPEAL TO A PRP

The State asks this court to convert the wrongly decided motion to a PRP and

submits that remanding merely to have the case transferred back would be unnecessary.

We agree.

In *Smith*, Division Two of the Court of Appeals held "converting the wrongly-

decided CrR 7.8 motion to a personal restraint petition could infringe on [the defendant's]

right to choose whether he wanted to pursue a personal restraint petition because he

3

would then be subject to the successive petition rule in RCW 10.73.140 as a result of our conversion of the motion." *Id.* at 864 (citing *Castro v. United States*, 540 U.S. 375, 383, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003)). Here, Mr. Bartz has not objected to the State's request to convert his appeal to a PRP. For reasons evident below, we decline to follow *Smith* in this instance.

C.     MR. BARTZ IS UNDER RESTRAINT

The State next argues we should dismiss Mr. Bartz's PRP because he is not under any restraint from his 2000 sentence. To be eligible for PRP relief, a petitioner generally must be under restraint. RAP 16.4(a).

The record was insufficient for us to address the State's argument. We, therefore, remanded to the superior court to answer whether Mr. Bartz is under restraint. The superior court conducted a hearing, received evidence, and entered the following findings and conclusion:

1.     At the time of sentencing on this case, Mr. Bartz had a previous conviction that was included in his offender score in calculating his standard range sentence.
2.     Following the sentence being entered in this case, [and] served in full, the previous conviction (used in calculating his offender score) was vacated. The vacation of the previous conviction may change Mr. Bartz's offender score, thereby changing the standard range of confinement for this offense.
3.     While serving his sentence [in this case], Mr. Bartz received benefits from the Social Security Administration.

4

    4.     The benefits Mr. Bartz either should or should not have received through the Social Security Administration could be impacted by the length of the prison sentence he was ordered to serve.

    5.     The dispute over benefits Mr. Bartz either was or was not entitled to receive from the Social Security Administration will linger until such time as Mr. Bartz's [sic] has a decision as to whether his offender score and standard range sentence was erroneous.

. . . .

    Based upon the foregoing findings of fact, the court concludes that Mr. Bartz is restrained within the meaning of RAP 16.4(b) until a judicial determination is made as to the validity of his offender score and standard range sentence.

Findings of Fact & Conclusions of Law Per Remand, *State v. Bartz*, No. 00-1-002031-8,

at 2-3 (Spokane County Super Ct., Wash. May 16, 2019).

The State's argument that Mr. Bartz is not restrained runs contrary to the trial

court's recent findings and conclusion. We, therefore, reject the State's argument.[1]

D.    LACHES DOES NOT PRECLUDE THE RELIEF SOUGHT BY MR. BARTZ

The State argues that the doctrine of laches precludes the relief sought by Mr.

Bartz. We disagree.

We provide some background to give context to the State's argument. The State

originally charged Mr. Bartz with first degree child molestation. Because of his prior

---

[1] Prior to the recent findings and conclusion, the State also argued that Mr. Bartz's PRP should be dismissed because it was moot and because Mr. Bartz could not establish prejudice. We similarly reject these arguments.

5

history, a conviction would result in a mandatory life sentence. The State agreed to amend the charge to first degree assault in exchange for Mr. Bartz agreeing to plead guilty to that charge and agreeing to the maximum standard range sentence.

The State argues that the doctrine of laches precludes Mr. Bartz from attempting, after the period of limitations has run, to obtain a sentence less than the agreed-upon sentence. We disagree for the reasons explained below.

The equitable doctrine of laches will bar a claim brought by a dilatory plaintiff. Laches requires a defendant to establish three elements: (1) knowledge of a potential claim by a party, (2) an unreasonable delay in asserting the claim, and (3) damage to the other party as a result from the delay. *Club Envy of Spokane, LLC v. Ridpath Tower Condo. Ass'n*, 184 Wn. App. 593, 603, 337 P.3d 1131 (2014).

Toward establishing the first element, the State cites *In re Pers. Restraint of Thompson*, 141 Wn.2d 712, 10 P.3d 380 (2000). The State argues that *Thompson* involved issues of fact and law such that Mr. Bartz would have known, at the time he pleaded guilty, that his offender score included a nonexistent crime.

But the State's argument cuts both ways. If Mr. Bartz knew his offender score included a nonexistent crime, the State also knew. One who requests equity must come with clean hands. *Columbia Cmty. Bank v. Newman Park, LLC*, 177 Wn.2d 566, 581,

304 P.3d 472 (2013).  If the State knew that Mr. Bartz's offender score included a

nonexistent crime, the State was prohibited from including it in Mr. Bartz's offender

score.  On this basis alone, we could deny the State's request to apply laches.

But there is a more obvious basis for denying the State's request.  Mr. Bartz

actually served his agreed-upon sentence.  Mr. Bartz's requested PRP relief only seeks to

amend his sentence so as to change a collateral consequence.  The State does not argue—

nor could it—that the basis of the plea deal depended on Mr. Bartz's inability to collect

Social Security in prison.

E.    THE 2000 JUDGMENT AND SENTENCE IS FACIALLY INVALID

Mr. Bartz contends the trial court erred by concluding that his challenge to his

offender score was untimely.

The one-year statutory time limit on collateral attacks on judgments and sentences

is not applicable to judgments and sentences that are facially invalid.  *In re Pers.*

*Restraint of LaChapelle*, 153 Wn.2d 1, 6, 100 P.3d 805 (2004).  The parties dispute

whether the 2000 judgment and sentence is facially invalid.

In *In re Personal Restraint of Coats*, 173 Wn.2d 123, 267 P.3d 324 (2011), our

Supreme Court discussed when a judgment and sentence is facially invalid.  Not every

error will render a judgment and sentence invalid for purposes of the one-year time bar

7

under RCW 10.73.090. *Id.* at 135. A judgment is facially invalid only when a court has, in fact, exceeded its statutory authority in entering the judgment and sentence. *Id.* Courts have found facial invalidity when the sentence exceeded the statutory maximum authorized by law. *In re Pers. Restraint of Tobin*, 165 Wn.2d 172, 176, 196 P.3d 670 (2008). A sentence for a person convicted of a nonexistent crime was deemed facially invalid. *In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004). In another case, the Washington Supreme Court held that a trial judge's attempt to take away a defendant's earned release time in exchange for reducing the charge from a third strike offense was facially invalid. *In re Pers. Restraint of West*, 154 Wn.2d 204, 206-07, 110 P.3d 1122 (2005). And in yet another case, the court held that a judgment and sentence was facially invalid when it was plain that the trial court miscalculated the petitioner's offender score. *LaChapelle*, 153 Wn.2d at 6.

In *In re Personal Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 768, 297 P.3d 51 (2013), the Washington Supreme Court determined that an incorrect offender score or seriousness level on a judgment and sentence will not constitute facial invalidity if the court arrives at the correct standard range and imposes a sentence within that range. There, the judgment and sentence stated an offender score of 3 and seriousness level of 12 when the correct offender score was 4 and seriousness level 10. *Id.* at 762, 768.

Despite the error, the court arrived at the proper range of 72 to 96 months and sentenced the defendant within that range to 84 months. *Id.* at 768. The court held that despite the errors, the judgment and sentence was not facially invalid. *Id.* ("[F]or purposes of facial invalidity, we are interested in whether the sentencing range is accurately calculated.").

In the present case, the judgment and sentence includes a subsequently vacated conviction for first degree statutory rape. This resulted in an increased offender score and an increased standard range. Because Mr. Bartz has shown that the offender score included the erroneous conviction, he has established that the judgment and sentence is facially invalid. Accordingly, the one-year time bar under RCW 10.73.090 does not apply.

F.    CORRECTING THE SENTENCE

The judgment and sentence listed Mr. Bartz's offender score as 5. This figure included two convictions for first degree statutory rape and one conviction for third degree child assault. At the time of sentencing, the third degree child assault was a nonviolent offense. Adult Sentencing Guidelines Manual, at IV-49 (2000). The statutory rape convictions were class A felonies and were therefore "violent offenses." Former RCW 9.94A.030(41)(a) (2000). According to the individual offense reference sheet for first degree assault, the statutory rape convictions score 2 points each and the

9

No. 35931-0-III
*State v. Bartz*

third degree child assault scores 1 point. Adult Sentencing Guidelines Manual, at III-54. Therefore, Mr. Bartz's offender score should have been 3, with a standard range of 120 to 160 months, instead of 5 with a standard range of 138 to 184 months. Adult Sentencing Guidelines Manual, at III-54. Because the court imposed a standard range sentence at the high end of the range—184 months—we remand to correct his sentence to 160 months, the high end of the range corresponding to an offender score of 3.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Fearing, J.                          Pennell, J.

10