[No. 85377-1.   En Banc.]

Argued September 11, 2012.   Decided February 21, 2013.

*In the Matter of the Personal Restraint of* JOSE
TOLEDO-SOTELO, *Petitioner.*

*Eric J. Nielsen, David B. Koch,* and *Casey Grannis* (of *Nielsen, Broman & Koch PLLC*), for petitioner.

*Robert W. Ferguson, Attorney General,* and *Ronda D. Larson, Assistant*; and *Daniel T. Satterberg, Prosecuting Attorney for King County,* and *Ann Marie Summers* and *Amy R. Meckling, Deputies,* for respondent.

¶1 WIGGINS, J. — The personal restraint petition is an extraordinary remedy to be applied only in limited circumstances. In particular, a personal restraint petition can be filed only within one year after the challenged judgment becomes final, provided that the judgment is valid on its face. Jose Toledo-Sotelo filed an untimely personal restraint petition but argues that his judgment and sentence recited an incorrect offender score and offense seriousness level. In other cases, these errors might make the judgment facially invalid. But here, the trial court coincidentally used the sentencing range that resulted from the correct offender score and seriousness level. Thus the sentencing court did not exceed its statutory authority under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, and the judgment and sentence is valid on its face. We affirm the Court of Appeals and dismiss Toledo-Sotelo's untimely petition.

## FACTS

¶2 On August 31, 2000, petitioner Toledo-Sotelo was charged with two counts of rape of a child in the first degree for the alleged digital penetration and other abuse of 10-year-old M.C.G. from April 25, 1995 through August 31, 1996. Toledo-Sotelo was dating M.C.G.'s mother at the time.

¶3 Toledo-Sotelo was released on bail and fled to Canada, where he was recaptured and extradited back to the United States on February 13, 2006. In addition to the two counts of rape of a child, the State charged him with two counts of child molestation in the first degree and one count of bail jumping. Toledo-Sotelo successfully moved to have the bail jumping charge severed for trial.

¶4 Toledo-Sotelo was convicted by a jury of bail jumping on September 10, 2007. He pleaded guilty on October 16, 2007 to the two counts of child molestation in the first degree—admitting that he "on August 6th 1996, did kiss on the mouth and fondle the breasts of M.C.G. (dob 4/24/86) twice for the purpose of sexual gratification"—in exchange for the State's dropping the two counts of rape of a child. His "Statement of Defendant on Plea of Guilty" listed a standard range of 72 to 96 months, but the attached "General Scoring Form" listed an offender score of 3, a seriousness level of XII, and a range of 120 to 160 months for the crime of rape of a child in the first degree.[1] At Toledo-Sotelo's plea hearing, the prosecutor cited a standard range of 72 to 96 months. The court accepted his guilty plea to two counts of child molestation in the first degree.

¶5 On May 13, 2008, Toledo-Sotelo was sentenced on the bail jumping and the two child molestation convictions.[2]

---

[1] The scoring form was in error. Toledo-Sotelo pleaded guilty to child molestation in the first degree, not rape of a child in the first degree. His judgment and sentence correctly states the charges.

[2] Toledo-Sotelo does not challenge the sentencing range or his sentence for bail jumping.

The judgment and sentence for child molestation in the first degree lists an offender score of 3, a seriousness level of XII, and a standard range of 120 to 160 months, but the "120 to 160" is scratched out and "72 - 96" is handwritten instead. King County Superior Court Judge Mattson sentenced Toledo-Sotelo to 84 months on each count of child molestation in the first degree and 13 months on the single count of bail jumping, served concurrently with credit for 607 days on the child molestation charges and 252 days on the bail jumping charge. Toledo-Sotelo did not appeal.

¶6 On May 26, 2010, more than two years after his sentencing, Toledo-Sotelo filed a personal restraint petition. He did not raise any of the statutory exceptions to the one-year time bar imposed by RCW 10.73.100 on a personal restraint petition. He argued only that he was misinformed of the consequences of his guilty plea because child molestation in the first degree was an offense of seriousness level X, not XII, and that he should have had an offender score of 0 as a first-time offender, thus making his sentencing range 51 to 68 months. He argued alternatively that his offender score should have been 1, for a range of 57 to 75 months. He asked the court to allow him to withdraw his guilty plea. In addition, he argued that he had not been credited for 855 days of physical incarceration from his detention between the dates of February 13, 2006, when he was extradited from Canada, and June 16, 2008.

¶7 The Court of Appeals held on November 8, 2010 that Toledo-Sotelo's claim was time barred because misinformation on the consequence of a guilty plea was not a facial defect (citing *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 533, 55 P.3d 615 (2002)). Order of Dismissal at 2. The court further upheld the State's calculation of Toledo-Sotelo's offender score: although he had no prior criminal history, each child molestation charge was counted as three points pursuant to RCW 9.94A.589 and 9.94A.525(17). Toledo-Sotelo would have an offender score of 0, the court held, only if his two counts of child molestation in the first

degree constituted the same criminal conduct. From the fact that the guilty plea went forward with an offender score of 3, the Court of Appeals inferred that the trial court had not found that the two counts involved the same criminal conduct. Furthermore, the court rejected Toledo-Sotelo's jail credit claim, holding that the Department of Corrections properly credited the time figure given by the trial court. Toledo-Sotelo does not now challenge the Court of Appeals' jail credit determination.

## STANDARD OF REVIEW

¶8 A personal restraint petition is time barred if it is filed more than one year after the judgment becomes final. RCW 10.73.090(1). However, an untimely personal restraint petition may be heard if the judgment and sentence was not valid on its face, *id.*, or if certain statutory conditions are met, RCW 10.73.100.[3] Toledo-Sotelo does not contest that his petition was filed after the one-year time limit had expired and does not claim any RCW 10.73.100 exceptions.

¶9 The calculation of an offender score, as a matter of law, is reviewed de novo. *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). But underlying factual determinations, such as same criminal conduct, are reviewed for abuse of discretion. *State v. Maxfield*, 125 Wn.2d 378, 402, 886 P.2d 123 (1994).

¶10 Toledo-Sotelo relies solely on the facial invalidity exception of RCW 10.73.090(1). He claims that his judgment and sentence was facially invalid for failure to sentence him in accordance with the SRA. Therefore, we review the trial court's application of the SRA before determining whether the judgment and sentence was facially invalid.

---

[3] *See* RCW 10.73.090(1) ("No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final *if the judgment and sentence is valid on its face* and was rendered by a court of competent jurisdiction." (emphasis added)).

## APPLICATION OF SRA

¶11 The SRA directs the trial court to determine an offender score and seriousness level for each conviction being sentenced. The defendant's offender score is calculated using prior and other current offenses under the statutory formula of RCW 9.94A.525. The seriousness level of the offense is determined by RCW 9.94A.515. The sentencing grid in RCW 9.94A.510 then prescribes a standard sentencing range based on the offender score and seriousness level.

¶12 The State concedes that the seriousness level of child molestation in the first degree is X, not XII as indicated in the judgment and sentence. Therefore, we analyze Toledo-Sotelo's concurrent child molestation and bail jumping convictions in order to determine his proper offender score and thus the proper sentence under the SRA.

I.   Toledo-Sotelo's two counts of child molestation in the first degree count as three points toward the offender score for each other

¶13 RCW 9.94A.589(1)(a) provides in relevant part that in a case involving multiple current convictions, when imposing a sentence for each conviction, all other current convictions shall be treated as if they were prior convictions and added to the offender score:

> [W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime.

¶14 In addition, where the present conviction is for a sex offense, RCW 9.94A.525(17) directs the sentencing

court to "count three points for each adult and juvenile prior sex offense conviction."

¶15 Read together, these statutes plainly mean that current sex offense convictions as well as prior sex offense convictions count for three points each, so long as they do not involve the same criminal conduct. This court applied such a reading to this language[4] in *State v. Parker*, 132 Wn.2d 182, 937 P.2d 575 (1997). In that case, this court assumed without analysis that the tripling provision of RCW 9.94A.525(17)'s predecessor statute made "other current sex offenses" worth three points of offender score. *Parker*, 132 Wn.2d at 191 n.10.

¶16 The Court of Appeals correctly applied the SRA's tripling provision. Because child molestation is a sex offense within the meaning of RCW 9.94A.525(17), each child molestation conviction is counted as three points in calculating the offender score. Indeed, Toledo-Sotelo concedes that if the two child molestation counts constitute separate criminal conduct, then his offender score is 3. However, we do not reach the issue of same criminal conduct because it was not raised before the Court of Appeals. *See In re Pers. Restraint of Tobin*, 165 Wn.2d 172, 175 n.1, 196 P.3d 670 (2008); *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188 n.5, 94 P.3d 952 (2004). Accordingly, each child molestation conviction is counted in calculating the offender score for the other conviction.

## II. Toledo-Sotelo's bail jumping charge adds an additional point to his offender score

¶17 RCW 9.94A.525(17) directs the sentencing court to count one point for each prior adult nonsexual felony conviction. Toledo-Sotelo was sentenced on May 13, 2008 on both counts of child molestation as well as bail jumping. RCW 9.94A.525(1) thus directs the sentencing court to use

---

[4] Former RCW 9.94A.360 and .400 (1990) were recodified as RCW 9.94A.525 and .589 pursuant to Laws of 2001, ch. 10, § 6.

the bail jumping charge as the "other current offense" for the purposes of RCW 9.94A.589, that is, to treat it as a prior conviction under RCW 9.94A.589(1)(a).

¶18 Under RCW 9.94A.525(17), then, each child molestation charge is scored based on two priors—the other child molestation (three points) and bail jumping (one point). Toledo-Sotelo's offender score is 4, not 3, as recited in the judgment and sentence. Therefore, the proper sentencing range under the SRA for an offender score of 4 is 72 to 96 months. RCW 9.94A.510. This is the same sentencing range as recited on the face of the judgment and sentence. We now examine whether the trial court's error in determining the seriousness level and offender score, but *not* the sentence itself, constitutes facial invalidity.

## FACIAL INVALIDITY

¶19 Not every error will make a judgment facially invalid. As we recently reaffirmed in *In re Personal Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011), this court has never held a judgment facially invalid so long as it did not exceed the sentencing court's statutory authority. We see no reason to break with our precedent today.

¶20 For a judgment to exceed the court's statutory authority, we require more than an error that "invite[s] the court to exceed its authority"; the sentencing court must actually pass down a sentence not authorized under the SRA. *Coats*, 173 Wn.2d at 136. Therefore, we have held that where the sentencing court misstated the maximum sentence but actually handed down a sentence within the SRA-mandated sentencing range, the sentencing court acted within its statutory authority and an untimely personal restraint petition could not proceed. *Id.* at 143. In other words, a mere "technical misstatement that had no actual effect on the rights of the petitioner" does not establish facial invalidity. *In re Pers. Restraint of McKiearnan*, 165 Wn.2d 777, 783, 203 P.3d 375 (2009).

¶21 The errors in Toledo-Sotelo's judgment and sentence were exactly such technical misstatements. As we have determined, with a seriousness level of X and an offender score of 4, the proper sentencing range under the SRA is 72 to 96 months—precisely the sentencing range the trial court entered in its judgment and sentence.[5] In addition, the actual sentence Toledo-Sotelo received was 84 months, in the precise middle of the standard range. In other words, the trial court reached the *result* required by the SRA, even if it made an error in the *process* leading up to that result. That is all this court has required because the only role of the offender score in the SRA is to determine the sentencing range, and for purposes of facial invalidity, we are interested in whether the sentencing range is accurately calculated. For an erroneous offender score to poison an otherwise accurate and statutorily authorized sentencing range would not advance any policy purpose articulated in RCW 9.94A.010.

¶22 Toledo-Sotelo's reliance on *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 50 P.3d 618 (2002), is misplaced. There, the petitioner was sentenced based on an offender score that incorrectly incorporated two juvenile convictions that should have "washed out." *Goodwin*, 146 Wn.2d at 877-78. This court held that the sentence exceeded the court's statutory authority because it was "based upon a miscalculated offender score *(miscalculated upward)* . . . ." *Id.* at 873 (emphasis added). Here, not only was the offender score actually miscalculated *downward* (from 4 to 3), but the sentencing court arrived at the correct sentencing range despite the error. There is nothing to suggest that the trial court would have sentenced Toledo-Sotelo differently if it

---

[5] Toledo-Sotelo also relies on the invited error doctrine to argue that having calculated an offender score of 3 in the plea agreement and at the sentencing hearing, the State cannot now claim the offender score should have been 4. However, it would be absurd to order the sentencing court to correct the erroneous seriousness level but not the erroneous offender score, as Toledo-Sotelo would request. There is a difference between letting the lower court's judgment stand where the asserted error was caused by the complainant and affirmatively perpetuating an error.

had had the proper offender score (4) and seriousness level (X) at sentencing.

¶23 By contrast, in *In re Personal Restraint of Johnson*, 131 Wn.2d 558, 569, 933 P.2d 1019 (1997), the sentencing court's error resulted in the petitioner's receiving a sentencing range of 261 to 347 months when the range should have been 250 to 333 months and the court sentenced the petitioner to 261 months. Because there was evidence in the record that the court intended to sentence the petitioner to the minimum sentence within the standard range, this court held that the petitioner might have been sentenced to 250 months if not for the error and remanded for resentencing. *Id.* Here, there is no indication that the sentencing court would do anything different if we were to remand.

¶24 Finally, Toledo-Sotelo asserts that the court overstepped its statutory authority by calculating a standard range of 72 to 96 months from an offender score of 3 and a seriousness level of XII. Toledo-Sotelo is correct that under the SRA's sentencing grid, neither an offender score of 3 nor a seriousness level of XII can possibly give rise to a range of 72 to 96 months.[6] But again, our test is concerned with the facial validity of the *judgment and sentence*, not the process by which the sentencing court arrives at that judgment.

¶25 Under *Coats*, Toledo-Sotelo's judgment and sentence was not facially invalid. Therefore, we cannot grant relief on his untimely petition and we do not reach the question of whether Toledo-Sotelo was prejudiced. We recognize that prejudice is a separate question from facial invalidity and a prerequisite for relief on a personal restraint petition. *Coats*, 173 Wn.2d at 166-67 (Stephens, J., concurring); *In re Pers. Restraint of Carrier*, 173 Wn.2d 791, 818, 272 P.3d 209 (2012). But *both* facial invalidity and prejudice are required for an untimely personal restraint petition to survive. *Coats*, 173 Wn.2d at 133; *see In re Pers. Restraint of Hinton*,

---

[6] RCW 9.94A.510 (showing that the 72- to 96-month range is available only for a seriousness level of X with an offender score of 4 or a seriousness level of V with an offender score of 9 or more).

152 Wn.2d 853, 858-59, 100 P.3d 801 (2004). Where the defendant fails the first prong, that is, where the judgment and sentence was facially valid, the petition must fail, whether or not the defendant was prejudiced. Engaging in the second step of prejudice now would be dictum, and we decline to do so.

## VOLUNTARINESS OF GUILTY PLEA

¶26 Toledo-Sotelo asks to withdraw his guilty plea on the ground that he was informed of the incorrect sentencing standard.

■ ¶27 As in *Coats*, 173 Wn.2d at 141, we treat the validity of Toledo-Sotelo's plea agreement as a distinct issue from the validity of the judgment and sentence. A challenge to a guilty plea may be raised for the first time in a personal restraint petition. *In re Pers. Restraint of Hews*, 99 Wn.2d 80, 87, 660 P.2d 263 (1983). However, an allegedly involuntary plea is not an error of facial invalidity and cannot be raised on an untimely petition absent an RCW 10.73.100 exception. *In re Pers. Restraint of Clark*, 168 Wn.2d 581, 587, 230 P.3d 156 (2010). Because Toledo-Sotelo has not argued the RCW 10.73.100 exceptions, his involuntary plea claim is time barred under RCW 10.73.090.

## CONCLUSION

¶28 Despite the errors in Toledo-Sotelo's judgment and sentence, he was sentenced according to the correct standard range under the SRA. Toledo-Sotelo's judgment and sentence was valid on its face, and his petition is time barred. We affirm the Court of Appeals.

MADSEN, C.J., and C. JOHNSON, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, and GONZÁLEZ, JJ., concur.

CHAMBERS, J. PRO TEM., concurs in the result only.

Reconsideration denied May 30, 2013.