# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>DEMARCUS JEFFERY WILLIAMS,<br><br>               Petitioner. | No. 53441-0-II<br><br><br>UNPUBLISHED OPINION |

CRUSER, J. — Demarcus Williams seeks relief from personal restraint resulting from his 2017 plea of guilty to first degree assault with a deadly weapon sentencing enhancement. The trial court calculated his offender score as 4.5, including as prior convictions juvenile felony adjudications in 2014 for "harassment (bodily injury)" and for "felony harassment." Based on that offender score, the trial court sentenced him to 155 months plus a 24-month sentencing enhancement. He now argues that his judgment and sentence is facially invalid and that his plea of guilty was involuntary, because those juvenile felony adjudications do not exist, and so should not have been included in his offender score. He asks to be allowed to withdraw his guilty plea.

The State concedes that those felony adjudications do not exist and Williams was found guilty by the juvenile court in 2014 of only one count of gross misdemeanor harassment. However, it argues that Williams is entitled only to be resentenced, not to be allowed to withdraw his plea, because his guilty plea claim is time-barred. *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 770, 297 P.3d 51 (2013). We accept the State's concession. Under *Toledo-Sotelo*, RCW

No. 53441-0-II

10.73.090's time-bar applies to guilty plea claims unless the petitioner shows that one of the exceptions contained in RCW 10.73.100 applies. 176 Wn.2d at 770. Williams fails to do so. Sentencing a defendant with an incorrect offender score does not exceed the court's jurisdiction, so his petition is not exempt from the time-bar under RCW 10.73.100(5). *In re Pers. Restraint of Vehlewald*, 92 Wn. App. 197, 203-04, 963 P.2d 903 (1998). Accordingly, we grant Williams's petition in part and remand his judgment and sentence for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, J.

MAXA, C.J.

2