**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILED
SUPREME COURT
STATE OF WASHINGTON
11/14/2022
BY ERIN L. LENNON
CLERK

# THE SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| In re the Personal Restraint Petition of | ) | No. 101043-5 |
| | ) | |
| JOHN A. RICHARDSON III, | ) | **O R D E R** |
| | ) | |
| Respondent. | ) | Court of Appeals |
| | ) | No. 56216-2-II |
| | ) | |
| | ) | |

Department II of the Court, composed of Chief Justice González and Justices Madsen, Stephens, Yu and Whitener (Justice Whitener recused and Justice Gordon McCloud sat for Justice Whitener), considered this matter at its November 8, 2022, Motion Calendar and unanimously agreed that the following order be entered.

John Richardson was convicted in Pierce County Superior Court Cause No. 08-1-01644-9 of first degree intentional murder and second degree unlawful possession of a firearm. His offender score was calculated at 10, with a standard range for the murder conviction (with a firearm enhancement) of 471 to 608 months. The superior court imposed a prison sentence of 608 months. The judgment and sentence became final on direct appeal on December 1, 2011. On September 13, 2021, Richardson filed a personal restraint petition in Division Two of the Court of Appeals, among other things challenging the sentence on the basis the offender score erroneously included a prior conviction for attempted possession of a controlled substance, a conviction now invalid under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). The Court of

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Appeals granted the petition in part, holding that the offender score error constituted a facial sentencing defect exempting Richardson's personal restraint petition from the one-year time limit on collateral review pursuant to RCW 10.73.090(1). The court determined that in light of this error, Richardson was entitled to resentencing with the superior court having the correct offender score in mind, and it remanded to the superior court for that purpose. The State filed a motion for discretionary review in this court.

Richardson's judgment and sentence is not facially invalid for purposes of exempting the personal restraint petition from the time limit. Removing from the offender score the prior conviction for attempted possession of a controlled substance reduces the score from 10 to 9, but at a score of 9 Richardson's standard range remains 471 to 608 months. *See* RCW 9.94A.510 (highest standard range reached at offender score of 9 or more). The superior court imposed a sentence within that range and therefore the sentence was authorized. In this circumstance, the judgment and sentence is not facially invalid. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 136, 267 P.3d 324 (2011); *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 768-70, 297 P.3d 51 (2013).

IT IS ORDERED:

That the State's motion for discretionary review is granted, and the Court of Appeals decision granting the personal restraint petition in part and remanding for resentencing is reversed.

DATED at Olympia, Washington, this 14th day of November, 2022.

For the Court

González C.J.

CHIEF JUSTICE

FILED
SUPREME COURT
STATE OF WASHINGTON
3/10/2023
BY ERIN L. LENNON
CLERK

# THE SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 101043-5 |
| | ) | |
| JOHN A. RICHARDSON III, | ) | **O R D E R** |
| | ) | |
| Respondent. | ) | Court of Appeals |
| | ) | No. 56216-2-II |
| | ) | |

Department II of the Court, composed of Chief Justice González and Justices Madsen, Stephens, Yu and Whitener (Justice Johnson sat for Justice Whitener), considered five motions to publish at its March 7, 2023, Motion Calendar and unanimously agreed that the following order be entered.

IT IS ORDERED:

That the motions to publish are granted and the order filed in this case on November 14, 2022, shall be published in Washington Reports.

DATED at Olympia, Washington, this 10th day of March, 2023.

For the Court

_González C.J._
CHIEF JUSTICE