IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF: | No. 84286-2-I |
| RONALD JOHN BRENNAN, JR, | UNPUBLISHED OPINION |
| Petitioner. | |

PER CURIAM — In 2018, Ronald Brennan was convicted of two counts of distribution of a controlled substance to a minor with sexual motivation. For each count, his offender score was calculated at 21 with a standard range sentencing of 124 to 144 months (inclusive of a 24-month sentencing enhancement). The trial court imposed an upward exceptional sentence and ordered Brennan to serve 129 months on each count, to run consecutively, for a total term of confinement of 258 months. This court affirmed his convictions on direct review.[1]

In February 2022, Brennan filed in the superior court a motion to resentence, claiming that his judgment is void on its face because two prior convictions for unlawful possession of a controlled substance were considered at his sentencing and those convictions were subsequently invalidated pursuant to State v. Blake, 197 Wn.2d 170, 481

---

[1] See State v. Brennan, No. 79508-2-I (Wash. Ct. App. Oct. 19, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/795082orderandopin.pdf, review denied, 196 Wn.2d 1045, 481 P.3d 552 (2021).

P.3d 521 (2021).[2]  The superior court transferred Brennan's motion to this court to be considered as a personal restraint petition pursuant to CrR 7.8(c)(2).

In order to obtain collateral relief by means of a personal restraint petition, Brennan must demonstrate either an error of constitutional magnitude that gives rise to actual prejudice or a nonconstitutional error that inherently results in a "complete miscarriage of justice."  In re Pers. Restraint of Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990).  Brennan fails to meet this burden.

Brennan contends that his judgment and sentence is facially invalid, as removing the two possession convictions invalidated by Blake from his criminal history reduces his offender score from 21 to 19.  But at a score of 19, Brennan's standard range remains 124 to 144 months (with enhancements).  See RCW 9.94A.510 (highest standard range reached at offender score of 9 or more).  Because the superior court had authority to sentence Brennan within that range, the judgment and sentence is not facially invalid.  See In re Pers. Restraint of Coats, 173 Wn.2d 123, 136, 267 P.3d 324 (2011); In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 768-70, 297 P.3d 51 (2013); Ord. Granting Rev. & Reversing, In re Pers. Restraint of Richardson, No. 101043-5, at 2 (Wash. Nov. 14, 2022) (a judgment and sentence is not facially invalid when offender score is 9 or more and the standard range remains the same after removing drug possession conviction from offender score).

---

[2] In Blake, the Supreme Court held that (former) RCW 69.50.4013(1), the statute criminalizing simple drug possession, violates state and federal due process clauses and, therefore, is unconstitutional. 197 Wn.2d at 195.

Nor has Brennan established actual prejudice or a miscarriage of justice as a result of being sentenced with an offender score of 21. This is so, as the trial court found when sentencing Brennan, because it would have imposed the same exceptional sentence regardless of the high offender score pursuant to RCW 9.94A.535(3)(f). Under that provision, if an offense was committed with sexual motivation, as found by the jury here, the trial court may impose a sentence outside the standard range or run counts consecutively. Based upon the jury's findings and consideration of "all of the 'mitigating' material" Brennan submitted at sentencing, the trial court found it appropriate to run the counts consecutively. See RCW 9.94A.589(1)(a) ("Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.535.").

In short, Brennan has not shown that his judgment and sentence is facially invalid or demonstrated that he suffered actual and substantial prejudice from the trial court sentencing him with an offender score of 21. Accordingly, Brennan's personal restraint petition must be dismissed.

_____
Coburn, J.

WE CONCUR:

_____          _____