**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>LANCE B. SMITH,<br><br>Petitioner. | No. 56449-1-II<br><br><br>UNPUBLISHED OPINION |

VELJACIC, J.—Lance Bill Smith seeks relief from personal restraint imposed following his 2007 Clark County convictions for two counts of child molestation in the first degree, three counts of rape of a child in the second degree, one count of child molestation in the second degree, and one count of child molestation in the third degree.[1] His offender score was listed as 9 on the judgment and sentence order, though the calculation actually exceeded 20. The criminal history declaration presented by the State included two prior convictions for unlawful possession of controlled substances.

In this, his third petition, Smith argues that he is entitled to resentencing because his offender score contains convictions invalidated by *State v. Blake*, 197 Wn.2d 188, 195, 481 P.3d 521 (2021). In *Blake* the Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1) (2017), violated state and federal due process clauses and was therefore void. 197 Wn.2d at 195.

---

[1] Cause number 05-1-01601-9.

RCW 10.73.090(1) provides that a petitioner generally must file a personal restraint petition (PRP) within one year after a trial court judgment becomes final. Smith's judgment and sentence order became final several years before this current petition. Thus, he must show that one of the six time-bar exceptions set out in RCW 10.73.100 applies to each of his arguments or that his judgment and sentence is facially invalid or was not rendered by a court of competent jurisdiction. RCW 10.73.090(1); *In re Pers. Restraint of Hankerson*, 149 Wn.2d 695, 702, 72 P.3d 703 (2003). Smith argues that his judgment and sentence is facially invalid.

A judgment and sentence is facially invalid only if the trial court imposes a sentence that was not authorized under the Sentencing Reform Act of 1981, chapter 9.94A RCW (SRA). *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 297 P.3d 51 (2013). An incorrect offender score does not render a judgment and sentence facially invalid if the trial court accurately determined the standard sentencing range and the sentence actually imposed is within the correct SRA-mandated standard range. *Id.* at 768.

Here, although Smith's offender score changed due to *Blake*, his standard sentencing range did not change, as removing his two prior felonies nonetheless leaves his offender score well above 9. Therefore, the trial court accurately determined the sentencing range, and his sentence is still within the SRA-authorized sentencing range. His judgment and sentence order is not facially invalid. *See Id.* at 768-69.

A recent order issued by a five-justice panel of the Supreme Court is consistent with this reasoning. Order, *In re Pers. Restraint of Richardson*, No. 101043-5 (Wash. Nov. 14, 2022). On discretionary review, the court held:

> Richardson's judgment and sentence is not facially invalid for purposes of exempting the personal restraint petition from the time limit. Removing from the

2

offender score the prior conviction for attempted possession of a controlled substance reduces the score from 10 to 9, but at a score of 9 Richardson's standard range remains 471 to 608 months. *See* RCW 9.94A.510 (highest standard range reached at offender score of 9 or more). The superior court imposed a sentence within that range and therefore the sentence was authorized. In this circumstance, the judgment and sentence is not facially invalid. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 136, 267 P.3d 324 (2011); *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 768-70, 297 P.3d 51 (2013).

Order, at 2.

Because Smith's judgment and sentence remained facially valid post-*Blake*, this PRP is untimely. Without a showing of facial invalidity or the application of an exception to the time bar, the time bar applies. We dismiss the petition as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, J.

We concur:

_____
Maxa, J.

_____
Glasgow, C.J.

3