# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of: | No. 56616-8-II |
| CAROLL LEE POLLARD, | UNPUBLISHED OPINION |
| Petitioner. | |

MAXA, P.J. – Carroll Pollard seeks relief regarding the trial court's imposition of community custody conditions following Pollard's guilty plea to a charge of second degree child rape. Pollard argues in his personal restraint petition (PRP) that the challenged community custody conditions should be stricken because they are not crime-related.

We hold that (1) Pollard's claims that the community custody conditions regarding the use and possession of alcohol, frequenting establishments or areas catering to minor children, and being in any place where alcoholic beverages are the primary sale item are time barred because the inclusion of these conditions does not render the judgment and sentence facially invalid, (2) the community custody condition regarding pornographic material is facially invalid because it is unconstitutionally vague, and (3) the community custody condition requiring plethysmograph examinations is facially invalid because it violates settled law.

Accordingly, we dismiss as time barred Pollard's claims that the community custody conditions regarding the use and possession of alcohol, frequenting establishments or areas

catering to minor children, and being in any place where alcoholic beverages are the primary sale item are improper. However, we remand for the trial court to strike or revise the community custody conditions regarding pornographic material and plethysmograph examinations.

## FACTS

In November 2002, Pollard had sexual intercourse with his 12-year-old granddaughter. Pollard pled guilty to second degree child rape. The trial court sentenced Pollard to 125 months of confinement and community custody for any period that he is released from total confinement before the expiration of the maximum sentence. The trial court imposed numerous conditions of community custody. Pollard appealed his sentence, and a commissioner of this court affirmed in March 2004.

In September 2021, Pollard filed a CrR 7.8 motion in the trial court. In this motion, Pollard argued that several of his community custody conditions should be stricken because they were either not crime-related or they are unconstitutional. The trial court transferred the motion to this court as a PRP because his claims were time barred under RCW 10.73.090. Pollard challenged additional community custody conditions in a supplemental brief.

## ANALYSIS

A.    SCOPE OF REVIEW

In his PRP, Pollard lists 12 community custody conditions that he argues should be stricken. However, a majority of the conditions on this list are not contained in the judgment and sentence. Pollard's counsel surmises that these conditions were imposed by the Indeterminate Sentencing Review Board (ISRB) pursuant to Pollard's release from custody. But Pollard did

not appeal the ISRB's imposition of conditions and the ISRB is not a party to this action. Therefore, we cannot consider the challenge to these conditions.

However, as the State concedes, two of the community custody conditions Pollard lists in his PRP are identical to one found in the judgment and sentence:

> Defendant shall not enter into or frequent business establishments or areas that cater to minor children without being accompanied by a responsible adult. Such establishments may include but are not limited to video game parlors, parks, pools, skating rinks, school grounds, malls or any areas routinely used by minors as areas of play/recreation.

Response to PRP, App. A at 8. In addition, two of the conditions Pollard lists in his PRP are similar to one found in the judgment and sentence: (1) "Defendant shall not be in any place where alcoholic beverages are sold by the drink for consumption or are the primary sale item," Response to PRP, App. A at 7; and (2) "Defendant shall not possess or use any pornographic material or equipment of any kind and shall not frequent establishments that provide such materials for view or sale." Response to PRP, App. A at 9.

In Pollard's supplemental brief, he challenges an additional community custody condition found in the judgment and sentence: "Defendant shall not use or possess alcoholic beverages at all." Response to PRP, App. A at 7.

Finally, in the trial court the State conceded in its response to Pollard's CrR 7.8 motion that the community custody condition regarding pornographic material and the following condition is improper: "Defendant shall submit to periodic plethysmograph examinations at the direction of his/her community corrections officer to ensure compliance with the conditions of community placement/custody." Response to PRP, App. A at 9.

We will address these five community custody conditions.

B.      PRP TIME BAR

The State argues that Pollard's petition is time barred because the judgment and sentence is facially valid and Pollard does not argue that any time bar exception applies. We conclude that some but not all of Pollard's claims are time barred.

1.      Legal Principles

A collateral attack is "any form of postconviction relief other than a direct appeal." RCW 10.73.090(2). Under RCW 10.73.090(1), a defendant may not collaterally attack their judgment and sentence "more than one year after the judgment becomes final if the judgment and sentence is valid on its face" unless one of the exceptions in RCW 10.73.100 applies. RCW 10.73.100 lists six exceptions to the one-year time limit. Unless a petitioner shows that the judgment and sentence is facially invalid or one of the RCW 10.73.100 exceptions applies, a collateral attack is time barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Pollard does not claim that any of the RCW 10.73.100 exceptions apply here. Instead, he argues that the imposed community custody conditions are facially invalid.

A judgment and sentence is facially invalid if the trial court imposes a sentence that was not authorized under the Sentencing Reform Act of 1981, chapter 9.94A RCW (SRA). *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 297 P.3d 51 (2013). In other words, facial invalidity exists when a trial court "exercised power that it did not have, most typically by exceeding its substantive or statutory authority." *State v. Fletcher*, 19 Wn. App. 2d 566, 573, 497 P.3d 886 (2021).

However, a judgment and sentence is facially invalid only if the alleged error is evident on the judgment and sentence's face without further elaboration. *Id.* If a petitioner must rely on

external documents to show facial invalidity, the judgment and sentence is not facially invalid. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 139-41, 267 P.3d 324 (2011).

If a PRP raises one or more claims that fall within one of the statutory exceptions in RCW 10.73.100 but also raises one or more claims that are time barred, the PRP is a "mixed petition" that must be dismissed. *In re Pers. Restraint of Young*, 21 Wn. App. 2d 826, 830, 508 P.3d 687 (2022). However, this rule does not bar consideration of claims that allege that the judgment and sentence is facially invalid. *In re Pers. Restraint of Williams*, 200 Wn.2d 622, 632, 520 P.3d 933 (2022).

2.   Using or Possessing Alcohol

Pollard argues that the community custody condition prohibiting him from using or possessing alcoholic beverages is improper because it is not crime-related. But RCW 9.94A.703(3)(e) expressly states that a trial court may impose a condition requiring an offender to "[r]efrain from possessing or consuming alcohol." Therefore, there is no requirement that this condition be crime related.

We conclude that inclusion of this condition does not render the judgment and sentence facially invalid. Therefore, we hold that this claim is time barred.

3.   Crime-Related Conditions

Pollard argues that two additional community custody conditions are improper because they are not crime related: (1) the condition prohibiting him from frequenting establishments or

areas catering to minor children,[1] and (2) the condition prohibiting him from being in any place where alcoholic beverages are the primary sale item.

Under RCW 9.94A.703(3)(f), the trial court may require an offender to "[c]omply with any crime-related prohibitions."  A crime-related prohibition must "directly relate[] to the circumstances of the crime for which the offender has been convicted.  RCW 9.94A.030(10).  There must be a basis for connecting the condition to the crime.  *State v. Geyer*, 19 Wn. App. 2d 321, 331, 496 P.3d 322 (2021).

Here, the trial court had substantive and statutory authority to impose discretionary crime-related conditions.  RCW 9.94A.703(3)(f).  Determining whether community custody conditions are crime-related is discretionary, and a trial court does not abuse its discretion if there is a reasonable relationship between the crime of conviction and the condition.  *State v. Nguyen*, 191 Wn.2d 671, 683-84, 425 P.3d 847 (2018).  This determination is fact-specific and cannot be made based only on the judgment and sentence.

Because we cannot determine whether the conditions are crime-related without conducting a fact-specific inquiry, we conclude that inclusion of these conditions does not render the judgment and sentence facially invalid.  Therefore, we hold that this claim is time barred.

4.    Condition Regarding Pornographic Material

The Supreme Court has held that a community custody condition prohibiting access to or possession of "pornographic material" is unconstitutionally vague.  *State v. Bahl*, 164 Wn.2d 739, 758, 193 P.3d 678 (2008).  Therefore, we conclude that inclusion of this condition is a

---

[1] The Supreme Court has held that a similar community custody condition satisfies due process. *State v. Wallmuller*, 194 Wn.2d 234, 245, 449 P.3d 619 (2019).

facially invalid defect in the judgment and sentence and the challenge to this condition is not time barred. And because of the facial invalidity, this PRP is not a mixed petition even though other claims are time barred. *Williams*, 200 Wn.2d at 632.

5. Condition Requiring Plethysmograph Examinations

A trial court has authority to order a defendant to submit to plethysmograph testing in conjunction with sexual deviancy treatment. *State v. Peters*, 10 Wn. App. 2d 574, 595, 455 P.3d 141 (2019). However, using plethysmograph testing as a monitoring tool is improper. *Id.* A community custody condition can allow plethysmograph testing only for treatment purposes and not for monitoring. *Id.*

Here, the plethysmograph condition exceeded the trial court's authority because it was imposed to ensure compliance with community custody conditions. Therefore, we conclude that inclusion of this condition is a facially invalid defect in the judgment and sentence and the challenge to this condition is not time barred. And because of the facial invalidity, this PRP is not a mixed petition even though other claims are time barred. *Williams*, 200 Wn.2d at 632.

C. MERITS ANALYSIS

As noted above, the condition prohibiting Pollard from possessing or using any pornographic material is unconstitutionally vague. *Bahl*, 164 Wn.2d at 758. On the other hand, a community custody condition prohibiting an offender from possessing, using, accessing, or viewing any "sexually explicit material" is not unconstitutionally vague. *Id.* at 760; *see also Nguyen*, 191 Wn.2d at 680. Therefore, on remand the trial court either should strike this condition or revise the condition so it is not unconstitutionally vague.

No. 56616-8-II

And as noted above, the condition requiring Pollard to undergo plethysmograph testing at the request of his community custody officer is improper. *Peters*, 10 Wn. App. 2d at 595. However, such a condition is proper in conjunction with sexual deviancy treatment. *Id.* Therefore, on remand the trial court either should strike this condition or revise the condition so it complies with the law.

CONCLUSION

We dismiss as time barred Pollard's claims that the community custody conditions regarding the use and possession of alcohol, frequenting establishments or areas catering to minor children, and being in any place where alcoholic beverages are the primary sale item are improper. However, we remand for the trial court to strike or revise the community custody conditions regarding pornographic material and plethysmograph examinations.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
LEE, J.

_____
PRICE, J.

8