IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84121-1-I |
| Respondent, | DIVISION ONE |
| v. | |
| STEVEN LANE ROSS, | UNPUBLISHED OPINION |
| Appellant. | |

SMITH, C.J. — Steven Ross pleaded guilty to first degree unlawful possession of a firearm and possession of a controlled substance. He was denied a DOSA in part because of his high offender score. Three years later, following our Supreme Court's Blake[1] decision, Ross moved for relief from the judgment under CrR 7.8, requesting the drug possession conviction be vacated and that he be resentenced on the firearm possession charge. The trial court concluded his motion was time barred as to the firearm charge and transferred it to this court as a personal restraint petition. We remanded for the court to consider it on the merits. The trial court vacated the drug possession conviction, as well as three other prior drug possession convictions. It did not revisit Ross's firearm charge, concluding that it was time barred and that Ross had failed to show prejudice when his offender score changed but his standard range

---

[1] State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021)

remained the same. Because we agree that Ross's motion was time barred, we affirm.

FACTS

In 2018, Steven Ross pleaded guilty to one count of first degree unlawful possession of a firearm and one count of possessing a controlled substance. The sentencing court calculated Ross's offender score as 25 on both counts, resulting in a standard range of 87 to 116 months as to the firearm possession count and 12 to 24 months as to the drug possession count. The State recommended a mid-range sentence of 101.5 months. At his sentencing hearing, Ross sought a prison-based drug offender sentencing alternative (DOSA),[2] which the State contested.

After hearing from counsel, Ross's close friend, and Ross, the court denied Ross's request for a DOSA and spoke at length about its reasoning for doing so. It acknowledged Ross's past successful efforts to deal with his addiction, the guilty pleas, and Ross's limited involvement with treatment as factors weighing in favor of a DOSA sentence. But the court also stated that there were "a number of factors that weigh[ed] heavily against a DOSA in this particular matter." The court noted that the "number and nature of the current offenses" was "very concerning," particularly due to the "number of victims who have been impacted by [Ross's] actions." It also remarked that Ross had "a very high offender score of 25," which is "well above the threshold of 9 where there is

[2] A DOSA is designed to provide substance use disorder treatment and community supervision for individuals diagnosed with a substance disorder who have committed a drug or other statutory eligible crimes.

the maximum in terms of what the standard range would yield." The court stated that it "would be justified even on its own motion [] to impose an exceptional sentence upwards well beyond what the prosecuting attorney recommend[ed]." Finally, the court explained that "the sequence of events" in the case—Ross's pattern of repeatedly continuing to offend while out of custody pending trial—was "of concern."

Despite denying the DOSA request, the court said it was "prepared to go below significantly the recommendation of the deputy prosecutor" and sentenced Ross to 90 months on the firearm possession count, the controlling count.[3]

After our Supreme Court's decision in Blake, Ross moved to vacate his firearm and drug convictions and sought resentencing as to the firearm conviction. See 197 Wn.2d at 195 (finding unconstitutional Washington's strict liability drug possession statute and rendering related convictions invalid). The State moved to transfer the motion to this court as an untimely personal restraint petition, arguing that Ross was not entitled to resentencing because the change in his offender score did not change the standard sentencing range. The superior court concluded that Ross's request for resentencing on the firearm possession charge was untimely and granted the State's motion to transfer.[4]

---

[3] The firearm possession count is controlling because it carries the longest sentence and because the other count was set to run concurrently.

[4] Although both parties agreed that the possession of a controlled substance charge should be vacated per Blake, the court had not yet ruled on that conviction at the time it ruled on the transfer.

Ross then moved for reconsideration of the decision to transfer. The State agreed that the motion should not have been transferred and moved this court to remand the case, which was granted. On remand, the court vacated the possession of a controlled substance conviction but denied Ross's motion to vacate the firearm possession conviction. The court concluded that Ross's motion was time barred as to his firearm conviction and that he did not meet any of the RCW 10.73.100 timeliness exceptions. The court also noted that even if Ross's motion had been timely, he had failed to meet his burden of showing that the reduction in his offender score resulted in actual and substantial prejudice.

Ross appeals.

ANALYSIS

On appeal, Ross contends that the judgment and sentence is invalid on its face because he was sentenced with an offender score partially based on now unconstitutional convictions. He asserts that the court erred in denying his motion to vacate the firearm possession conviction and be resentenced on the same. We disagree.

CrR 7.8 motions for relief from judgment are subject to a one year time limit under RCW 10.73.090(1). However, this one year time bar does not apply where a judgment is invalid on its face or if an exception under RCW 10.73.100 applies. RCW 10.73.090(1). A judgment is invalid on its face if the court enters a judgment and sentence not authorized under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. In re Pers. Restraint of Coats, 173 Wn.2d

4

123, 135, 267 P.3d 324 (2011); In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 767, 297 P.3d 51 (2013).

A recent case, In re Personal Restraint of Richardson, is instructive here. 200 Wn.2d 845, 847, 525 P.3d 939 (2022). In Richardson, the defendant was convicted of first degree murder and second degree unlawful possession of a firearm. 200 Wn.2d at 846. The superior court imposed a prison term within the standard range for first degree murder. Richardson, 200 Wn.2d at 846. Following Blake, Richardson filed a personal restraint petition challenging the sentence on the basis that the offender score erroneously included a prior, now invalid, conviction for possession of a controlled substance. Richardson, 200 Wn.2d at 847. On appeal, our Supreme Court concluded that Richardson's judgment and sentence was not facially invalid for the purposes of exempting his personal restraint petition from the one year time limit imposed by RCW 10.73.090(1) because Richardson's standard range remained the same despite the change in his offender score. Richardson, 200 Wn.2d at 847. The Court noted that the superior court had imposed a sentence within that same standard range and therefore, the sentence was authorized. Richardson, 200 Wn.2d at 847.

Richardson controls here. Like the defendant in Richardson, Ross contends that the judgment and sentence is facially invalid with regard to his firearm conviction because convictions invalid under Blake were included in his offender score. But even with Ross's lower offender score—21 instead of 25—

5

his standard range remains the same because the score remains above 9.[5]

Therefore, the sentence the court imposed was still authorized by the SRA, the

judgment is valid, and Ross's motion is untimely.

Ross also asserts that resentencing is still appropriate because the

sentencing court based its denial of his DOSA in part on his "very high" offender

score. The State does not respond to that argument, but contends that even if

Ross's motion were timely, he has not met his burden of showing that the

offender score reduction resulted in actual or substantial prejudice. Because we

conclude that the motion is untimely, we decline to consider either argument.

Affirm.

_Smith, C.J._

WE CONCUR:

_Bowman, J_          _Hazelrigg, A.C.J_

---

[5] Because the court vacated Ross's four possession of a controlled substance convictions, his presumptive score at resentencing would have been 21 rather than 25.