**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57401-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOHNNY MORRIS, III, | |
| Appellant. | |

MAXA, J. – Johnny Morris appeals the trial court's order correcting the judgment and adjusting his sentence following resentencing pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021) over 10 years after his first degree manslaughter conviction. Morris argues that the trial court erred at resentencing by failing to address his request for an exceptional sentence below the standard range based on his youth as a mitigating factor and by imposing a $100 DNA fee. Morris also asserts additional claims regarding his resentencing in a statement of additional grounds (SAG).

Removing an unlawful possession of a controlled substance (UPCS) conviction from Morris's offender score did not affect the standard range sentence. The State argues that the trial court did not have authority to resentence Morris because the inclusion of the UPCS conviction in his offender score did not render his judgment and sentence facially invalid, and therefore his request for resentencing was time barred under RCW 10.73.090.

We hold that the trial court did not have the authority to resentence Morris because his request for resentencing was untimely. Therefore, we need not address whether the trial court erred because the only relief Morris requests is a remand for a new resentencing. That

resentencing would be de novo, meaning that any relief requested on remand would be time barred. Accordingly, in the interest of judicial economy we reject Morris's challenge and affirm his sentence.

FACTS

In May 2009, Morris fired at least nine shots from a handgun at another vehicle, resulting in the driver's death. The State originally charged Morris with two counts of first degree murder, first degree assault, and unlawful possession of a firearm. Morris was 24 years old.

Morris eventually entered into a plea agreement in which he plead guilty to first degree manslaughter with a firearm sentencing enhancement. Morris's offender score was calculated as 9.5, which included 0.5 points for an UPCS conviction when he was a juvenile. The standard sentencing range was 210-280 months plus a 60 month enhancement. At sentencing in May 2011, the trial court imposed the parties' joint recommendation of 230 months plus 60 months for the firearm enhancement.

In April 2018, Morris filed a personal restraint petition with this court, arguing that he was entitled to a resentencing in which the trial court could consider a mitigated sentence based on his youthfulness under *State v. O'Dell*, 183 Wn.2d 680, 358. P.3d 359 (2015). This court dismissed Morris' motion as time-barred because he did not show that (1) the judgment and sentence was facially invalid, and (2) the Supreme Court had held in *In re Personal Restraint of Light-Roth*, 191 Wn.2d 328, 330, 422 P.3d 444 (2018) that *O'Dell* was not a significant change in the law for purposes of RCW 10.73.100(6). Order Dismissing Petition, *In re Pers. Restraint of Morris*, No. 52351-5-II, (Wash. Ct. App. Oct. 28, 2021).

In September 2022, Morris filed a CrR 7.8 motion for resentencing under *Blake* because his offender score included a UPCS conviction. Morris argued that his motion was timely

because the reference to the now void UPCS conviction rendered his judgment and sentence invalid on its face. On the merits, Morris requested an exceptional sentence below the standard range based on his mental health problems under RCW 9.94A.535(1)(e), his rehabilitation while in prison, and his youth under *O'Dell*.

There is no indication in the record that the State opposed Morris's CrR 7.8 motion based on untimeliness or that the State objected to resentencing.

The trial court conducted a resentencing hearing in which both the State and Morris presented argument regarding the length of Morris's sentence, and the mother of the victim's children also spoke. In its oral ruling, the court noted that removing half a point from his offender score left Morris with the same standard range. The court briefly addressed Morris's mental health argument but did not mention Morris's youth. The court then stated, "So I'll maintain the present sentence of 230 months plus a 60-month enhancement for a total of 290 months." Rep. of Proc. (RP) (Sept. 16, 2022) at 18. The court also stated that it was waiving all fees and costs except for the crime victim penalty assessment and the DNA collection fee.

The court then stated,

> I would also point out that Mr. Morris had a motion to withdraw his plea or a motion to get relief that was filed. Ultimately it went up to the Court of Appeals, and the argument was that *O'Dell* was a significant change in the law that applied retroactively. The Court of Appeals addressed that and pointed out that the *Light-Roth* decision held *O'Dell* is not a significant change, and, therefore, the Court of Appeals dismissed his petition as being time barred, and then *Blake* allows the reopening of that issue to consider resentencing.

RP (Sept. 16, 2022) at 18.

The trial court entered an "Order Correcting Judgment and Adjusting Sentence Pursuant to *Blake*." Clerk's Papers at 110. The order changed Morris's offender score from 9.5 to 9, but reflected the same standard range. The order imposed the same 290 month term of confinement.

Morris appeals his sentence. The State did not file a cross-appeal challenging the trial court's authority to resentence Morris.

## ANALYSIS

A.   TRIAL COURT'S AUTHORITY TO RESENTENCE

1.   Timeliness of Request for Resentencing

The State argues that we need not reach the merits of Morris's appeal, claiming that the trial court did not have authority to resentence Morris because his CrR 7.8 motion was untimely under RCW 10.73.090(1). We agree that Morris's CrR 7.8 motion was untimely.

A collateral attack is "any form of postconviction relief other than a direct appeal." RCW 10.73.090(2). Under RCW 10.73.090(1), a defendant may not collaterally attack their judgment and sentence "more than one year after the judgment becomes final if the judgment and sentence is valid on its face" unless one of the exceptions in RCW 10.73.100 applies. RCW 10.73.100 lists six exceptions to the one-year time limit. Unless a defendant shows that the judgment and sentence is facially invalid or one of the RCW 10.73.100 exceptions applies, a collateral attack is time-barred. *In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

Morris does not argue that any of the exceptions under RCW 10.73.100 apply. Therefore, the only question is whether the incorrect offender score rendered Morris's judgment and sentence invalid on its face.

A judgment and sentence is facially invalid only if the trial court imposes a sentence that was not authorized under the Sentencing Reform Act of 1981, chapter 9.94A RCW (SRA). *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 297 P.3d 51 (2013). In *In re Personal Restraint of Richardson*, the Supreme Court held that a change in the offender score that does not alter the defendant's standard range does not render the judgment and sentence invalid on its

face. 200 Wn.2d 845, 847, 525 P.3d 939 (2022). As this court has stated, "An incorrect offender score does not render a judgment and sentence facially invalid if the trial court accurately calculated the standard sentencing range and the sentence actually imposed is within the correct SRA-mandated standard range." *State v. Kelly*, 25 Wn. App. 2d 879, 890, 526 P.3d 39 (2023).

Here, although Morris' offender score changed following the removal of his UPCS conviction, his standard sentencing range did not. As a result, his sentence still was within the SRA-authorized sentencing range. In this situation, the judgment and sentence was not facially invalid. *Richardson,* 200 Wn.2d at 847.

Because Morris's judgment and sentence remained facially valid after the UPCS conviction was removed from his offender score, his request for resentencing was untimely. Therefore, the trial court did not have authority to resentence Morris.

2. Inability to Provide Relief

Morris argues that whether the trial court had authority to resentence him is not before us because the State did not object to the resentencing in the trial court and the State did not file a cross-appeal. Morris also argues that the trial court erred at resentencing by failing to address his request for an exceptional sentence below the standard range based on his youth and by imposing a $100 DNA fee. We need not address these issues.

Morris's requested remedy in this appeal is a remand for resentencing. However, any resentencing will be de novo. *State v. Dunbar,* 27 Wn. App. 2d 238, 244, 532 P.3d 652 (2023); *see also State v. Edwards*, 23 Wn. App. 2d, 118, 122, 514 P.3d 692 (2022). In a de novo resentencing, the trial court will "be able to take new matters into account on behalf of either the government or the defendant." *Dunbar*, 27 Wn. App. 2d at 244-45. This rule applies even for

issues not raised in the previous sentencing hearing and even for arguments that were waived on initial appeal. *Id.* at 248.

Here, if we remand for resentencing, the State will be able to argue that Morris's request for resentencing is untimely even though timeliness was not raised at the first sentencing hearing. And as discussed above, the State will prevail on this argument because Morris's judgment and sentence was not rendered facially invalid due to the incorrect offender score.

This court addressed a similar situation in *Kelly*, 25 Wn. App. 2d at 889-91. In that case, the court held on the State's appeal that the trial court erred in ordering at a *Blake* resentencing that firearm sentencing enhancements would run concurrently with each other. *Id.* at 889. The defendant argued that if this court reversed, he was entitled to a new resentencing hearing to give the trial court a chance to reduce his sentence in some other way. *Id.* at 889-890.

Relying on *Richardson*, the court noted that the incorrect offender score did not render the judgment and sentence facially invalid because the standard range remained the same. *Id.* at 890-91. The court concluded, "Because Kelly's judgment and sentence remained facially valid after the UPCS convictions were removed from his offender score and no RCW 10.73.100 exceptions exist, his request for resentencing on remand would be time barred. Therefore, we hold that Kelly is not entitled to resentencing on remand." *Id.* at 891.

A similar result is required here. As in *Kelly,* Morris's request for resentencing would be time barred if we were to remand. Therefore, in the interest of judicial economy, we reject Morris's challenges to his sentence.

3. DNA Collection Fee

Morris argues that the trial court erred at his resentencing in September 2022 by imposing a $100 DNA collection fee. As discussed above, because Morris' request for resentencing is

untimely we do not address this argument. However, effective July 1, 2023, RCW 43.43.7541(2) states, "Upon motion by the offender, the court shall waive any fee for the collection of the offender's DNA imposed prior to July 1, 2023." Morris may request a waiver of the DNA fee in a motion pursuant to RCW 43.43.7541.

B.    SAG CLAIMS

Morris asserts three claims in his SAG: (1) the trial court erred at resentencing by declining to consider his mental health as a mitigating factor; (2) the 2023 amendment to RCW 9.94A.525, which prohibits the inclusion of juvenile offenses in offender scores, should be applied to his offender score; and (3) defense counsel was ineffective at resentencing for failing to object to prior convictions in his offender score.

However, granting relief on any of these claims would result in a new resentencing, which as discussed above would be time-barred. Therefore, we decline to consider these claims.

CONCLUSION

We affirm Morris' sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
CRUSER, A.C.J.

_____
PRICE, J.