**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| In the Matter of the Personal Restraint Petition of: | DIVISION ONE |
|  | No. 83134-8-I |
| OSCAR RODRIGUEZ, | PUBLISHED OPINION |
| Petitioner. |  |

DWYER, J. — A personal restraint petition is exempt from the one-year time limit for collateral attack on a judgment and sentence if the petition is based on a significant change in the law that is both material and retroactive. Our Supreme Court, in State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017), held that trial courts must have complete discretion to consider the mitigating factors of youth when sentencing juveniles in order to prevent the imposition of unconstitutionally disproportionate sentences. In this petition, Oscar Rodriguez asserts that he is entitled to resentencing pursuant to Houston-Sconiers. He contends that the rule pronounced therein is retroactive and, thus, that his petition is exempt from the one-year time limit for collateral attack on a judgment and sentence. We disagree.

Our Supreme Court has recently clarified that only the substantive rule of Houston-Sconiers is retroactive; its procedural mandates are not. Rodriguez's sole assertion is that he is entitled to relief because the sentencing court did not

comply with Houston-Sconiers's mandate that trial courts consider the mitigating circumstances of youth when sentencing juveniles. He does not contend that he is a juvenile with diminished culpability serving a disproportionate adult standard range sentence. Because the procedural mandates of Houston-Sconiers are not retroactive, Rodriguez's asserted claim of error is subject to the one-year time limit for collateral attack.

Rodriguez additionally asserts that he is entitled to resentencing because, in calculating his offender score, the sentencing court considered his prior conviction of unlawful possession of a controlled substance, a conviction invalidated by our Supreme Court's decision in State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021). Again, we disagree. This claim of error would be exempt from the one-year time limit for collateral attack only if excision of the unconstitutional conviction rendered the judgment and sentence invalid on its face. Here, it does not. Because the applicable standard range sentence would remain the same following excision of his unlawful possession conviction, Rodriguez's judgment and sentence is valid on its face. Accordingly, this claim of error, too, is subject to the one-year time limit for collateral attack.

Rodriguez's personal restraint petition was filed more than one year after his judgment and sentence became final. Both claims of error asserted therein are time-barred. Accordingly, we deny relief and dismiss the petition.

I

Oscar Rodriguez was 15 years old when, in November 2011, he accompanied his adult brother to a house in Whatcom County to sell heroin.

2

Unbeknownst to Rodriguez and his brother, the intended buyer planned to "shake them down for money" because he believed that they had "ripped [someone] off for a couple ounces of drugs." During the encounter, a shootout ensued. The intended buyer was shot in the face, and his 22-year-old son was fatally shot. Rodriguez and his brother fled to Mexico. Eight months later, Rodriguez surrendered himself and returned to Whatcom County to face charges.

Rodriguez was initially charged in juvenile court with two counts of possession of a controlled substance with intent to deliver, assault in the first degree, and murder in the second degree, all with firearm enhancements. Pursuant to a stipulated agreement, Rodriguez thereafter declined juvenile court jurisdiction and agreed to plead guilty in adult court to a sole charge of murder in the second degree. The parties additionally agreed to propose a joint sentencing recommendation of 172 months of incarceration, the midpoint of the applicable standard range.

On April 25, 2013, Rodriguez entered a plea of guilty in adult court to murder in the second degree. The trial court adopted the joint sentencing recommendation of the parties and sentenced Rodriguez to 172 months of incarceration.

In September 2021, Rodriguez filed a motion to vacate his judgment and sentence pursuant to CrR 7.8. Rodriguez therein asserted that he is entitled to resentencing because the trial court did not consider the mitigating circumstances of youth at sentencing. He additionally asserted that resentencing

3

No. 83134-8-I/4

is required because the trial court, in calculating his offender score, considered a prior conviction for unlawful possession of a controlled substance.

The superior court transferred the matter to this court for consideration as a personal restraint petition.

II

Rodriguez asserts that he is entitled to resentencing pursuant to our Supreme Court's decision in Houston-Sconiers because, he avers, the sentencing court did not consider the mitigating circumstances of youth in imposing a standard range sentence. Rodriguez filed this petition more than eight years after his judgment and sentence became final. He contends, however, that the Houston-Sconiers decision was a significant change in the law that is both material and retroactive and, thus, that his petition is exempt from the one-year time limit for collateral attack. We disagree.

In intervening decisional authority, our Supreme Court clarified that only the substantive rule of Houston-Sconiers is retroactive; its procedural mandates are not. Rodriguez herein asserts that he is entitled to resentencing because the trial court did not comply with Houston-Sconiers's mandate that courts consider the mitigating qualities of youth when imposing sentence on juveniles. He does not assert that he received a disproportionate sentence due to diminished culpability resulting from his youth. Because Rodriguez does not assert a violation of Houston-Sconiers's substantive rule, his petition is not exempt from the one-year time limit. Accordingly, this claim of error is time-barred.

4

No. 83134-8-I/5

A

A personal restraint petition challenging a judgment and sentence must be filed within one year after the judgment becomes final "if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). However, a petition is exempt from this time limit when it "is based on a significant change in the law, which is material to the conviction or sentence, and sufficient reasons exist to require retroactive application of the changed legal standard." In re Pers. Restraint of Ali, 196 Wn.2d 220, 233, 474 P.3d 507 (2002) (citing RCW 10.73.100(6)[1]); see also RAP 16.4(c)(4).[2]

Our Supreme Court, in recognition that "'children are different' under the Eighth Amendment," has held that "sentencing courts must have complete discretion to consider mitigating circumstances associated with the youth of any juvenile defendant, even in the adult criminal justice system." Houston-Sconiers, 188 Wn.2d at 9, 21. "Trial courts," the Supreme Court announced, "must consider mitigating qualities of youth at sentencing and must have discretion to

---

[1] RCW 10.73.100(6) provides that the one-year time limit for collateral attack does not apply if the petition or motion is based on

a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

[2] Restraint is unlawful when

[t]here has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal proceeding or civil proceeding instituted by the state or local government, and sufficient reasons exist to require retroactive application of the changed legal standard.

RAP 16.4(c)(4).

5

No. 83134-8-I/6

impose any sentence below the otherwise applicable [Sentencing Reform Act (SRA)] range and/or sentence enhancements." Houston-Sconiers, 188 Wn.2d at 21.

Relevant to the timeliness of petitions for collateral relief, the high court subsequently explained that "Houston-Sconiers announced a new substantive rule that must be applied retroactively." Ali, 196 Wn.2d at 242; see also In re Pers. Restraint of Domingo-Cornelio, 196 Wn.2d 255, 266, 474 P.3d 524 (2020). It explained that

> Houston-Sconiers established a category of punishments that are prohibited: adult standard SRA ranges and enhancements that would be disproportionate punishment for juveniles who possess diminished culpability. It also established a mechanism necessary to effectuate that substantive rule: sentencing courts must consider the mitigating qualities of youth and have discretion to impose sentences below what the SRA mandates.

Ali, 196 Wn.2d at 237. "Houston-Sconiers is substantive," the court explained, "because it placed certain adult sentences beyond courts' authority to impose on juveniles who possess such diminished culpability that the adult standard SRA ranges and enhancements would be disproportionate punishment." Ali, 196 Wn.2d at 239. The court held that "Houston-Sconiers constitutes a significant and material change in the law that requires retroactive application." Ali, 196 Wn.2d at 226.

Our Supreme Court "has since confirmed that Houston-Sconiers's procedural 'dual mandates' are not retroactive and therefore do not apply on collateral review to a sentence that is long final." In re Pers. Restraint of Carrasco, 1 Wn.3d 224, 233, 525 P.3d 196 (2023) (citing In re Pers. Restraint of

6

No. 83134-8-I/7

Williams, 200 Wn.2d 622, 631-32, 520 P.3d 933 (2022)). Instead, "the rule announced by Houston-Sconiers that applies retroactively . . . is the substantive rule that courts may not impose 'certain adult sentences . . . on juveniles who possess such diminished culpability that the adult standard SRA ranges and enhancements would be disproportionate punishment.'" In re Pers. Restraint of Hinton, 1 Wn.3d 317, 331, 525 P.3d 156 (2023) (second alteration in original) (quoting Ali, 196 Wn.2d at 239); see also Carrasco, 1 Wn.3d at 233.

Thus, a petitioner who alleges only procedural error pursuant to Houston-Sconiers is not entitled to collateral relief.[3] Carrasco, 1 Wn.3d at 237. In Carrasco, the petitioner sought resentencing based solely on the allegation that "he [was] serving an unconstitutional sentence because the sentencing court failed to comply with the dual mandates of Houston-Sconiers." 1 Wn.3d at 229-30. This was insufficient to establish an entitlement to collateral relief, the court held, explaining that "[a] violation of that procedural right does not lead to the conclusion that [a petitioner] is serving an unconstitutional sentence under the Eighth Amendment." Carrasco, 1 Wn.3d at 237. Because the petitioner there had not "argue[d] that he [was] a 'juvenile with diminished culpability' serving a disproportionate adult standard SRA range sentence," the Supreme Court concluded that he was not entitled to relief. Carrasco, 1 Wn.3d at 237; see also Hinton, 1 Wn.3d at 323 (holding that a sentencing court's "failure to adhere to

---

[3] Our Supreme Court did not address in Carrasco whether the petition filed therein was timely. Rather, because the State had not challenged the Court of Appeals' determination that the petition was exempt from the time bar, "the sole issue before [the court was] whether [the petitioner had] established grounds for relief in his [petition]." Carrasco, 1 Wn.3d at 230.

No. 83134-8-I/8

Houston-Sconiers's procedural rule . . . provides no basis for relief because procedural rules do not apply retroactively").

B

In this petition, Rodriguez asserts that he is entitled to resentencing because "the court did not consider and weigh the six factors[4] required under Houston-Sconiers."[5] Rodriguez's supplemental briefing states:

> Because Houston-Sconiers is a significant change in the law, retroactive, and material to Oscar's case, and because Oscar can demonstrate prejudice, this Court should grant this PRP and remand for a new sentencing hearing. RAP 16.4(4),[6] RCW 10.73.100(6).

## II. Issues Presented

1. Whether Oscar meets an exception to the time bar under RCW 10.73.100(6)?

2. Whether actual and substantial prejudice exists where a sentencing court fails to consider the Houston-Sconiers factors and fails to appreciate it had absolute discretion to depart from the SRA, even in a sentencing after a negotiated plea deal?[7]

Rodriguez's petition was filed more than eight years after his judgment and sentence became final. He nevertheless asserts that, because Houston-Sconiers constitutes a "significant change in the law," RCW 10.73.100(6), his petition is exempt from the applicable time bar. Not so. As our Supreme Court has clarified, it is only the substantive rule of Houston-Sconiers that is retroactive.

---

[4] The court in Houston-Sconiers listed the mitigating circumstances of youth to be considered by a sentencing court, including "age and its 'hallmark features,'" "the nature of the juvenile's surrounding environment and family circumstances, the extent of the juvenile's participation in the crime," "'the way familial and peer pressures may have affected him [or her],'" "how youth impacted any legal defense," and "any factors suggesting that the child might be successfully rehabilitated." 188 Wn.2d at 23 (alteration in original) (quoting Miller v. Alabama, 567 U.S. 460, 477, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)).
[5] Supp. Br. of Petitioner at 2.
[6] The correct citation should have been to RAP 16.4(c)(4).
[7] Supp. Br. of Petitioner at 2-3.

8

No. 83134-8-I/9

Carrasco, 1 Wn.3d at 232; Hinton, 1 Wn.3d at 331.  Rodriguez does not contend "that he is a 'juvenile with diminished culpability' serving a disproportionate adult standard SRA range sentence."  Carrasco, 1 Wn.3d at 237.  Rather, he asserts only that the trial court erred by not considering the mitigating circumstances of youth at sentencing.  As such, the error that he alleges "is a procedural one."  Carrasco, 1 Wn.3d at 237.  A violation of the "procedural right" of Houston-Sconiers "does not lead to the conclusion that [the petitioner] is serving an unconstitutional sentence under the Eighth Amendment."  Carrasco, 1 Wn.3d at 237.

In asserting sentencing error pursuant to Houston-Sconiers, Rodriguez avers only that the trial court failed to comply with procedural mandates set forth therein.  These procedural requirements, however, are not retroactive in their application.  Accordingly, this claim of error is not exempt from the one-year time limit for collateral relief.  Because Rodriguez asserts only Houston-Sconiers procedural error, his claim is time-barred.

III

Rodriguez additionally asserts that he is entitled to resentencing because the sentencing court, in calculating his offender score, considered his prior conviction for unlawful possession of a controlled substance, a conviction invalidated by Blake, 197 Wn.2d 170.  We disagree.  As our Supreme Court has made clear, a judgment and sentence is not facially invalid, for purposes of exempting a personal restraint petition from the one-year time limit, if the sentence imposed is within the standard range that would apply following

9

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

excision of the unconstitutional conviction.  In re Pers. Restraint of Richardson, 200 Wn.2d 845, 847, 525 P.3d 939 (2022).  Because Rodriguez's offender score would remain the same were the unlawful possession conviction excised from the judgment, his judgment and sentence is not facially invalid.  Accordingly, this claim of error is barred by the one-year time limit for collateral attack.

If a judgment and sentence "is valid on its face and was rendered by a court of competent jurisdiction," a petition or motion for collateral attack must be filed within one year after the judgment becomes final.  RCW 10.73.090(1).  "[T]o avoid RCW 10.73.090's one-year time bar on challenging judgments that are valid on their face, the error must render the judgment and sentence 'invalid.'"  In re Pers. Restraint of Coats, 173 Wn.2d 123, 135, 267 P.3d 324 (2011).  An error renders a judgment invalid for purposes of the time limit on collateral attack when the sentencing court exceeded its statutory authority in entering the judgment and sentence.  Coats, 173 Wn.2d at 135.  Thus, when a petitioner challenges a sentence on the basis that the offender score included an invalid prior conviction, the judgment and sentence is not rendered invalid if the applicable standard range would remain the same following excision of that conviction.  Richardson, 200 Wn.2d at 847.

Indeed, our Supreme Court has considered the very issue raised herein by Rodriguez.  In Richardson, the petitioner challenged his judgment and sentence on the basis that the sentencing court had erroneously considered a prior unlawful possession conviction in calculating his offender score.  200 Wn.2d at 846-47.  However, removing the invalid conviction from the offender score

10

would not have changed the applicable standard range. Richardson, 200 Wn.2d at 847. Because the trial court had imposed a sentence within that range, the sentence was statutorily authorized. Richardson, 200 Wn.2d at 847. Accordingly, the court held, the judgment and sentence was not facially invalid for purposes of exempting the petition from the time bar for collateral attack. Richardson, 200 Wn.2d at 847 (citing Coats, 173 Wn.2d at 136; In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 768-70, 297 P.3d 51 (2013)).

Here, Rodriguez concedes that the sentencing court's consideration of his unlawful possession conviction did not affect his offender score, which was calculated as zero. Thus, the applicable standard range would remain the same following excision of the invalid conviction from the judgment and sentence. The trial court imposed a statutorily authorized sentence within that range, and, thus, Rodriguez's judgment and sentence is not facially invalid for purposes of RCW 10.73.090(1). Accordingly, this claim of error, too, is subject to the one-year time limit for collateral attack.

IV

Rodriguez asserts, in this personal restraint petition, that he is entitled to resentencing on two grounds—that the sentencing court did not consider the mitigating circumstances of youth, as required by Houston-Sconiers, and that the court erroneously considered an unlawful possession conviction, invalidated by Blake, in calculating his offender score. Because Rodriguez's petition was filed more than one year after the judgment became final, the petition is time-barred

11

No. 83134-8-I/12

unless Rodriguez demonstrates that the judgment and sentence is invalid on its face or meets an exemption set forth in RCW 10.73.100. He fails to do so.

With regard to the purported <u>Houston-Sconiers</u> error, Rodriguez asserts only that the sentencing court failed to comply with the procedural mandate that courts consider the mitigating circumstances of youth when sentencing juveniles. However, only the substantive rule of <u>Houston-Sconiers</u> is retroactive. <u>Carrasco</u>, 1 Wn.3d at 232; <u>Hinton</u>, 1 Wn.3d at 331. Thus, the time-bar exemption for a "significant change in the law," RCW 10.73.100(6), does not apply.

Nor does Rodriguez demonstrate that he is entitled to relief because the sentencing court considered an invalid prior conviction in calculating his offender score. Because the sentence imposed was authorized by statute, even following excision of the invalid conviction, the judgment and sentence is valid on its face. Thus, this claim of error, too, is subject to the one-year time limit for collateral attack.

Both claims of error asserted by Rodriguez are time-barred pursuant to RCW 10.73.090(1). Accordingly, we deny relief and dismiss his personal restraint petition.

12

No. 83134-8-I/13

WE CONCUR:

_Coburn, J._          _Hazelrigg, ACJ_