# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 84797-0-I |
| DION EARL JOHNSON, | DIVISION ONE |
| Petitioner. | UNPUBLISHED OPINION |

BIRK, J. — Dion Johnson seeks relief from personal restraint resulting from his 2021 convictions following his guilty plea to attempted assault in the second degree and false swearing. Johnson argues that he is entitled to be resentenced because his offender score at sentencing was incorrectly calculated as 21 when it should have been 12—due primarily to the erroneous double-scoring of certain of Johnson's prior convictions—thus rendering his judgment and sentence facially invalid. He also claims that he received ineffective assistance of counsel and that his request for resentencing qualifies for an exception to the one year time bar based on State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021). We conclude that the miscalculated offender score does not render Johnson's judgment and sentence facially invalid and that the untimeliness of the ineffective assistance of counsel claim renders the petition mixed. Accordingly, we dismiss the petition.

I

In November 2020, Johnson pleaded guilty to amended charges of attempted assault in the second degree with a domestic violence designation and false swearing. The charges arose from an incident in which Johnson intentionally

struck his former intimate partner with his car and fled the scene, then falsely testified under oath that he did not know who she was. Johnson's criminal history included 12 adult felony convictions, including one for possession of a controlled substance, as well as three juvenile court felony adjudications. The parties agreed that Johnson's offender score on the attempted second degree assault was 21 and that his standard range was 47 to 60 months of confinement.

Approximately three months later, our Supreme Court held in Blake that former RCW 69.50.4013(1), the statute criminalizing simple drug possession, was unconstitutional. 197 Wn.2d at 195. As a result, Johnson's 2002 conviction for possession of a controlled substance became constitutionally invalid.

A sentencing hearing took place on March 12, 2021. The State sought a high-end standard range sentence of 60 months in prison in light of the "gravity of the facts" as well as Johnson's "significant domestic violence history." Johnson requested a prison-based Drug Offender Sentencing Alternative (DOSA), but he did not argue that the court should impose a shorter sentence. Counsel for Johnson acknowledged that Blake might affect Johnson's "robust" offender score but conceded that it was a "moot point" given that Johnson was "maxed out" for sentencing purposes. The State argued that Johnson's DOSA request should be denied because the evidence did not support Johnson's claim that his conduct was rooted in substance use. Based on an offender score of 21, the court denied Johnson's request for a DOSA and imposed a high-end standard range sentence of 60 months.

Johnson did not appeal, and his judgment and sentence became final when it was entered on March 12, 2021. Johnson then filed a timely personal restraint petition claiming that his counsel rendered constitutionally inadequate assistance during the plea process, which this court dismissed as frivolous.

On July 27, 2022, Johnson's felony conviction for possession of a controlled substance was vacated pursuant to Blake. On November 8, 2022, Johnson filed a CrR 7.8 motion seeking resentencing on the ground that miscalculation of his offender score rendered his judgment and sentence facially invalid. Johnson argued that his offender score of 21 included the incorrect double scoring of 7 prior adult domestic violence felony convictions[1] as well as one prior conviction invalidated by Blake. The State agreed that Johnson's offender score was incorrectly calculated and that his correct offender score should have been 12, but argued that the motion was time-barred because his judgment and sentence was facially valid despite the error.[2]

The superior court concluded that Johnson's motion was time-barred and that he had not made a substantial showing of entitlement to relief. Accordingly, the superior court transferred the matter to this court for consideration as a personal restraint petition.

---

[1] See RCW 9.94A.525(21)(a) (providing that the domestic violence doubling provision applies only to offenses for which domestic violence was pleaded and proved after August 1, 2011).

[2] In its supplemental briefing, the State asserts that Johnson's correct offender score is 13, not 12. Johnson's judgment and sentence is facially valid based on either of these scores.

II

Under RAP 16.4, we will grant appropriate relief to a petitioner if the petitioner is under unlawful restraint. In re Pers. Restraint of Davis, 152 Wn.2d 647, 670, 101 P.3d 1 (2004). To be entitled to relief, the petitioner must show either a constitutional error that resulted in actual and substantial prejudice, or a nonconstitutional error that constituted a fundamental defect that inherently results in a complete miscarriage of justice. In re Pers. Restraint of Cook, 114 Wn.2d 802, 811, 792 P.2d 506 (1990).

In general, a personal restraint petition that challenges a judgment and sentence must be filed within one year after the judgment and sentence becomes final "if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). The one year time limit does not apply to claims falling within one of the seven exceptions identified in RCW 10.73.100. As the petitioner, Johnson bears the burden of proving that his petition is timely. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 831, 226 P.3d 208 (2010). Johnson filed the motion underlying this petition more than one year after his judgment and sentence became final, so it is untimely under RCW 10.73.090(1) unless he can show that the judgment and sentence is facially invalid or was not entered by a court of competent jurisdiction, or that an exception under RCW 10.73.100 applies.

III

Johnson's petition presents three claims for relief. First, Johnson asserts that his judgment and sentence is facially invalid, and that resentencing is required,

because sentencing was based on a miscalculated offender score.[3] Second, Johnson argues that defense counsel's failure to correct the trial court's understanding of his offender score was ineffective assistance of counsel. Third, Johnson claims that the Blake decision represents a significant change in the law that is material to his sentence, rendering his petition exempt from the time bar pursuant to RCW 10.73.100(7).

As an initial matter, the State argues that even if one of Johnson's claims were timely, the petition should be summarily dismissed as a "mixed" petition. In a personal restraint petition filed after the one year time-bar, "[w]here one or more of the grounds asserted for relief fall within the exceptions in RCW 10.73.100 and one or more do not, then the petition is a 'mixed petition' that must be dismissed." In re Pers. Restraint of Turay, 150 Wn.2d 71, 85-86, 74 P.3d 1194 (2003) (quoting In re Pers. Restraint of Hankerson, 149 Wn.2d at 697, 702-03, 72 P.3d 703 (2003); In re Pers. Restraint of Stoudmire, 141 Wn.2d 342, 349, 5 P.3d 1240 (2000)).

Here, Johnson's ineffective assistance of counsel claim does not fall within any of RCW 10.73.100's exceptions to the one year time bar, so that claim must be dismissed as untimely. See Stoudmire, 141 Wn.2d at 349 Under the mixed petition rule, other claims in Johnson's petition that depend on an exception under RCW 10.73.100 must also be dismissed. "[I]f a personal restraint petition claiming multiple grounds for relief is filed after the one-year period of RCW 10.73.090 expires, and the court determines that at least one of the claims is time barred, the

---

[3] Johnson further asserts that because of the miscalculation in his offender score, the sentencing court denied his request for a DOSA.

petition must be dismissed. Under such circumstances the court will not analyze every claim that is raised in order to determine or advise which claims are time barred and which are not, nor will it decide claims under RCW 10.73.100 that are not time barred." Hankerson, 149 Wn.2d at 702-03. Accordingly, Johnson's claim that Blake renders his petition timely under RCW 10.73.100(7) must also be dismissed without further consideration.

But the mixed petition rule does not preclude consideration of claims that allege that the judgment and sentence is facially invalid. See Stoudmire, 141 Wn.2d at 351 (all claims contained in a "mixed" petition other than those that challenge the validity of the judgment and sentence on its face must be dismissed); In re Pers. Restraint of Williams, 200 Wn.2d 622, 632, 520 P.3d 933 (2022) (noting that "[s]uch claims implicate RCW 10.73.090 and are thus not subject to the restrictive language in RCW 10.73.100."). Thus, we will consider Johnson's claim that his judgment and sentence is facially invalid under RCW 10.73.090.

IV

Johnson does not challenge the trial court's decision to impose a term of confinement at the top end of the standard range. Rather, he contends that his judgment and sentence is facially invalid because the "grossly miscalculated" offender score likely dissuaded the trial court from fairly considering his DOSA request. We disagree.

"Not every error will make a judgment facially invalid." In re Pers. Restraint of Toledo-Sotelo, 176 Wn.2d 759, 767, 297 P.3d 51 (2013). "[T]he general rule is that a judgment and sentence is not valid on its face if the trial judge actually

exercised authority (statutory or otherwise) it did not have." In re Pers. Restraint of Scott, 173 Wn.2d 911, 916, 271 P.3d 218 (2012). "However, we have never found a judgment invalid merely because the error invited the court to exceed its authority when the court did not in fact exceed its authority." In re Pers. Restraint of Coats, 173 Wn.2d 123, 136, 267 P.3d 324 (2011). A judgment and sentence is facially invalid only if the trial court imposes a sentence that was not authorized under the Sentencing Reform Act of 1981, chapter 9.94A RCW (SRA). Toledo-Sotelo, 176 Wn.2d at 767.

An incorrect offender score does not render a judgment and sentence facially invalid if the trial court accurately determined the standard sentencing range and the sentence actually imposed is within the correct SRA-mandated standard range. Toledo-Sotelo, 176 Wn.2d at 767. Our Supreme Court's recent opinion in In re Personal Restraint of Richardson, 200 Wn.2d 845, 525 P.3d 939 (2022) is instructive. In Richardson, the superior court imposed a prison term within the standard range. Id. at 846. Richardson subsequently filed a personal restraint petition challenging his sentence on the ground that his offender score included a prior conviction invalidated by Blake. Id. at 847. The Supreme Court concluded that Richardson's judgment and sentence was not facially invalid because

> [r]emoving from the offender score the prior conviction for attempted possession of a controlled substance reduces the score from 10 to 9, but at a score of 9 Richardson's standard range remains 471 to 608 months. See RCW 9.94A.510 (highest standard range reached at offender score of 9 or more). The superior court imposed a sentence within that range and therefore the sentence was authorized. In this circumstance, the judgment and sentence is not facially invalid.

7

Richardson, 200 Wn.2d at 847 (citing Coats, 173 Wn.2d at 136; Toledo-Sotelo, 176 Wn.2d at 768-70).

Johnson asserts that facial invalidity exists where the judgment and sentence contains a substantial defect that affects the petitioner's rights. He argues that Coats, Richardson and Toledo-Sotelo were incorrectly decided and urges us to hold that a petitioner need not show the trial court exceeded its authority to demonstrate facial invalidity. But this court is bound to follow Supreme Court precedent. State v. Kelly, 25 Wn. App. 2d 879, 888, 526 P.3d 39 (2023).

Applying these principles, we conclude that the trial court's decision to deny Johnson's request for a DOSA did not render Johnson's judgment and sentence facially invalid despite the miscalculated offender score. The DOSA program authorizes trial judges to sentence eligible drug users to reduced confinement time in exchange for their participation in substance use disorder treatment and increased supervision to assist in recovery from addiction. State v. Grayson, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005); see RCW 9.94A.660. A defendant is not entitled to a DOSA but "is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." Grayson, 154 Wn.2d at 342. When a defendant requests a sentencing alternative authorized by statute, the court's categorical failure to consider the request is an abuse of discretion and reversible error. Id.

Here, the record shows that the court meaningfully considered Johnson's DOSA request and chose to adopt the State's recommendation to impose a high-end standard range sentence instead. As in Toledo-Sotelo and Richardson,

Johnson's correct offender score remained above a 9, and so his standard range did not change. Johnson's sentence was plainly authorized by the SRA, so his judgment and sentence is not facially invalid for the purpose of exempting his petition from the time bar under RCW 10.73.090. Moreover, Johnson has failed to demonstrate prejudice because there is no indication that the court would have granted Johnson's DOSA request based on his corrected offender score. At sentencing, the State did not focus on Johnson's numerical offender score and instead emphasized Johnson's extensive domestic violence history and the lack of evidence supporting Johnson's claim that his crimes were influenced by substance use.

Johnson relies on In re Personal Restraint of Goodwin, 146 Wn.2d 861, 876, 50 P.3d 618 (2002) for the proposition that a miscalculated offender score is a fundamental defect that results in a complete miscarriage of justice requiring resentencing. But there, unlike here, the miscalculated offender score led to a sentence "in excess of what [was] statutorily permitted for his crimes" as a matter of law. Id. at 875-76. Goodwin does not compel a different outcome.

Johnson also argues that he made a per se substantial showing entitling him to resentencing pursuant to recent amendments to CrR 7.8(c)(2) added at the recommendation of the defense bar to address Blake.[4] See Order Adopting Recommended Changes to CrR 3.1 and CrR 7.8, No. 25700-A-1397 (Wash. Sup.

---

[4] The amendment provides that a defendant makes a "substantial showing that they are entitled to relief" when they are "serving a sentence that was calculated under RCW 9.94A.525 using a prior or current conviction based on such a statute." CrR 7.8(c)(2)(i)(B).

Ct. Dec. 6, 2021). But CrR 7.8(c)(2), which addresses the procedure by which relief may be obtained, requires the trial court to transfer a motion for relief to this court "<u>unless</u> the court determines that the motion is not barred by RCW 10.73.090." (Emphasis added.) Here, the superior court properly determined that Johnson's motion was barred by RCW 10.73.090. And the amendment does not modify the standard for obtaining relief on the merits under CrR 7.8(b).

In sum, Johnson has not established that his judgment and sentence is facially invalid, and his remaining claims are subject to the mixed petition rule. Accordingly, the petition is dismissed.[5]

Birk, J.

WE CONCUR:

Feldman, J.

Brennan, J.

---

[5] We need not address the successive nature of Johnson's petition because it is untimely. RCW 10.73.140; <u>In re Pers. Restraint of Bell</u>, 187 Wn.2d 558, 564, 387 P.3d 719 (2017) (this court will summarily dismiss a successive petition that does not overcome the one year time bar).